SULLIVAN, *assignee, &c. against* ALEXANDER AND OTHERS.

*WELLS*, for the defendants, moved to set aside the writ of *capias ad respondendum* in this cause, and all proceedings thereon, for irregularity. The attorney for the plaintiff, who issued the writ, made it tested at *New-York*, the 15th of *May*, 1819, and returnable at *Albany* the first *Monday* of *August*, then next, and delivered it to *E. Baldwin*, for the purpose of having it delivered to the sheriff of the city and county of *New-York*, in case *Alexander*, one of the defendants, who had been taken in execution, and admitted to the liberties of the gaol, on giving security to the sheriff, should be found beyond the limits of the gaol liberties ; and *Baldwin* was expressly authorized by the plaintiff's attorney to alter the teste and return of the writ, in case it should not be necessary to deliver it to the sheriff before the first *Monday* of *August*, 1819. *B.* accordingly kept the writ until it became necessary to use it, when he altered it, by making the teste at *Albany* on the second day of *August*, 1819, and returnable at the same place on the third day of *August*, 1819.

The plaintiff did not declare until the 15th day of *February* last.

The defendant's attorney, in his affidavit, stated, that he did not apply at the last term to set aside the writ, because, from the length of time that had elapsed without the plaintiff's declaring, he doubted whether the plaintiff meant to proceed on the writ ; and because he supposed, that in case of such application, it would be requisite for the Court to inspect the writ which was filed in the office of the clerk in *New-York*. That the cause of action was stated in the declaration to have accrued on the third of *August*, 1819.

*Wells.* In *Sloan* v. *Wattles*, (13 *Johns. Rep.* 158.) the attorney had sent the writ to the sheriff, with instructions to him, that in case he did not receive it in time, to alter the *return* day, which he did, and the Court refused to set aside

*Margin note:* Where the attorney for the plaintiff delivered a *capias ad resp.* to a person, with directions to deliver it to the sheriff, in case A., one of the defendants, a prisoner in execution, who had been admitted to the liberties of the gaol, on bail, should be found beyond the limits of the gaol liberties, and to alter the *teste* and return of the writ, in case it should not be necessary to deliver it before the return day expired; and the agent of the attorney accordingly altered the teste and return of the writ, and then delivered it to the sheriff, the Court refused to set aside the writ. The attorney, or any person by him authorized for that purpose, may alter the teste and return of a writ before it is used or served.

NEW-YORK, the writ, saying, that the attorney, or a person fully au-
May, 1820. thorized by him, might so alter a writ before it was actually
SULLIVAN served. In the present case, not only the return day, but
v. the *teste* has been altered, so that it is an entirely new writ.
ALEXANDER. May an attorney keep a writ in his pocket, until it is spent,
or the return day is entirely past, and then alter the *teste*
and *return*, so as to avoid paying for a new seal? In *Eng-
land*, it has been held to be illegal to fill up or alter a writ
after it has been *sealed*, and it is punishable as a misde-
meanour. (8 *Mod.* 243. 6 *Mod.* 310. *Dyer*, 241. *b.*
22 *Vin. Abr.* 547.)

*D. B. Ogden*, contra. The only question is, whether the
writ had been used or served; for the Court, in *Sloan* v.
*Wattles*, expressly decided, that the attorney, or the sheriff,
as his authorized agent, might make the alteration before
the writ has been actually served. Now, the affidavits are
positive, that the alteration was made before the writ was
used.

*T. A. Emmet*, in reply. This practice of allowing writs
to be altered after they are sealed, would, certainly, not be
tolerated by the *English* Courts. For the convenience of
attorneys residing in distant parts of the state, this Court have
found it necessary to allow the clerks to deliver sealed blank
writs. But the attorney is bound to use these blanks *bona
fide*. After a writ has been once filled up and used, it can-
not be altered, for the purpose of being used a second time.
The power is, certainly, liable to great abuse. Here is a
person employed by the creditor to watch the motions of a
prisoner admitted to the liberties of the *gaol*, and when he
has stepped beyond the limits, to alter the writ, and imme-
diately deliver it to the coroner or sheriff, when neither
the attorney, nor the plaintiff, at the time, know that any
cause of action exists.

*Per Curiam.* The motion must be denied. The Court
have, not only in *Sloan* v. *Wattles*, but in several other
cases, allowed the attorney, or a person specially authorized

by him for that purpose, to alter the *teste and return* of a writ before it was served.

Motion denied.