## JOHN CLINDENIN *versus* DAVID ALLEN.

A writ does not abate by the death of either party, between the time when the writ is served, and the time of entering the action, provided the cause of action by law survives.

But when a defendant dies, and it is decreed by the judge of probate, that his estate shall be administered in the insolvent course, the suit is to be discontinued.

ASSUMPSIT upon a promissory note. The cause was submitted to the decision of the court upon the following facts.

This action was commenced on the 3d March, 1827, and real estate of the defendant attached by virtue of the writ. On the 13th June, in the same year, and after the service of the writ, and before the entry of the action in the court of common pleas, the defendant died.

On the 11th July, 1827, administration of the said David Allen's estate was granted to Jemima Allen, and on the 16th August following, upon the representation of the said administratrix, the said estate was decreed by the judge of probate to be administered as an insolvent estate.

And it was agreed, that if the court should be of opinion, that, under these circumstances, the action could be maintained, judgment should be rendered for the plaintiff, otherwise judgment to be entered that the writ abate.

*Betton*, for the plaintiff.

*S. D. Bell*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is contended, in this case, on the one side, that the writ is abated by the death of the defendant, before the entry of the action in the court to which the original writ was returnable, and if not by that, by the decree of the judge of probate, directing the estate of the deceased to be administered in the insolvent course. This is denied on the other side, and the questions thus raised must be

settled by a sound construction of the statutes relating to the subject.

The statute of February 9, 1791, sec. 19, 1 N. H. Laws, 105, provides, that " where any action is, or shall be pending, in any court of common pleas, or superior court of judicature in this state, and either party die before final judgment, the action or suit shall not thereby be abated, but the executor, &c. in case the cause of action doth by law survive, shall have full power to prosecute or defend, &c. The question is, whether a suit can be considered to be pending in a court before entry, within the meaning of this clause in the statute ?

The time, when the writ is sued out is considered as the time of the commencement of the action.   2 N. H. Rep. 227, *The Society, &c.* v. *Whitcomb*, and as the writ in this state always contains the declaration, in which the cause of action is set forth at large, and as the term "*pending*" means nothing more than "*remaining unde-cided*," an action may, without doubt, be considered as pending from the commencement.

When the writ has been served upon the defendant, he, at least, for some purposes, is considered as a party to the cause, and there is an action pending between parties having day in court.   In this stage of the proceedings, that is, between the service of the writ upon the defendant and the entry of the cause in court, by our practice, depositions may be taken by either party to be used in the cause, and by a rule of this court, the defendant may give notice to the plaintiff, in certain cases, to be ready for trial at the first term.   Before a writ is served, the plaintiff is at liberty to alter and amend it as he pleases ; but after it is served, any alteration, without leave of the court, is a forgery.   2 Mass. Rep. 136, *Comw.* v. *Mycall* ; 13 Johns. 158, *Sloan* v. *Wattles* ; 18 ditto, 3, *Sullivan* v. *Alexander*.   But can an action be considered as pending in court before entry, within the meaning of this clause in the statute ?

There may be cases, in which this question will be of very considerable importance.  Thus, where the safety of a debt depends upon an attachment of the goods or estate of the debtor, or upon bail taken in a case, if, in such a case, the plaintiff die before the entry of the action, and the suit is not to be considered as pending in court, the writ must abate, and by the loss of the attachment or bail, the debt may be forever lost to those, who are interested in the estate of the plaintiff.  But we are inclined to think, that the general impression of the bar in this state has been, that an action is not pending in court before entry.  And in *The Commonwealth* v. *Churchill*, 5 Mass. Rep. 180, Parsons, C. J. was of opinion, that before entry, an action could not be considered as so pending as to abate a subsequent writ.  But in England, when an action is commenced in the King's bench by bill, the filing of the bill is the commencement of the action.  Cowper, 454, *Foster* v. *Bonner* ; Carthew, 113 *Venables* v. *Daffe*.

And an action by bill, on a statute, to recover a penalty, may be so far considered as pending on the day the bill is filed, and before any process issues, that it may be pleaded in abatement of a subsequent suit for the same cause.  Hawkins, P. C. B. 2 cap. 26, sec. 63.

But the method of proceeding in the commencement and prosecution of actions, in England, is widely different from the mode we pursue, and very little light is to be obtained from English books, upon the question we are now examining.  The true meaning of the words "pending in court," which our statute uses, must be settled by an attentive examination of the course of proceeding, in civil suits, which has been prescribed by law in this state.

All suits, in our common law courts, are commenced either by original writs issuing from the office of the clerk of the court, to which they are respectively returnable, or by petition.  With respect to petitions for di-

vorce, partition, &c. no doubt is entertained that they may be considered as pending in court as soon as they are filed with the clerk. And the law is the same with respect to informations. Cro. Eliz. 261, *The Queen* v. *Harris.*

When an action is commenced in the court of common pleas, and after judgment there an appeal is taken, then, between the time of the appeal and the time of entering the action in the court above, the action cannot be considered as pending in either court; not in the court below, because it has been there decided; and not in the court above, because that court is not yet possessed of the cause. And provision is made by the statute, that suits shall not, in certain cases, abate by the death of either party, appellant or appellee, before the sitting of the court to which the appeal is made.

All original writs are, in law, considered as issuing from the office of the clerk of the court to which they are returnable, complete in all their parts, and as containing the declaration when they issue. For they are required by the constitution, and by statute, to be signed by the clerk of the court, and to be tested by the first judge; and the enacted form of original writs, and the course of our practice, have rendered a declaration essential to the validity of a writ, without which it is void. It has been so decided in this court and also in Massachusetts. 2 Pick. 420, *Brigham* v. *Este.*

For the convenience of the public, and the members of the bar, writs in fact go out of the clerk's office in blank and are filled up by the attorneys of the court at home. Yet, in contemplation of the law, the writ and declaration must be considered as issuing from the clerk's office. An action may, therefore, in our opinion, be considered as pending in court as soon as it can be considered as pending at all. The pendency of an action cannot depend upon the fact, that the writ remains with the clerk of the court. For in our practice, it is not usual to

Clindenin
v.
Allen.

file the writ with the clerk until judgment has been rendered.

Strictly speaking, an action cannot be said to be pending until the writ is served. Because until then the writ is under the control of the plaintiff or his attorney, and may be altered as he pleases, or destroyed. But when the writ has been served, this is to be considere d as an election of the plaintiff to proceed with the suit, the defendant has become a party to the proceeding, and then, in our opinion, the action is to be considered as actually pending in court, between the parties. We say actually pending, because for certain purposes, by a fiction of law, actions are considered as pending from the teste of the writ. We are therefore of opinion, that this action was pending in court at the time of the defendant's death, within the meaning of the statute, and that the suit is not abated by his death.

It then remains to consider, whether the writ is abated by the decree of the judge of probate. The answer to this question must depend upon the statute of July 2, 1822, entitled "an act regulating the settlement and distribution of insolvent estates." That statute, after making provision for the appointment of commissioners to adjust and allow the claims against insolvent estates, and giving an appeal from the decision of the commissioners to this court, contains a provision as follows. "All demands against such estate exhibited to the commissioners and rejected by them, and not prosecuted to judgment in the manner by this act prescribed, and all demands against such estate, which by virtue of this act might have been exhibited to and allowed, by them, but which were not so exhibited and allowed, shall be forever barred. And no action against any executor or administrator of any such estate, shall ever be sustained otherwise than in this act is provided. And if any action be commenced against any executor or administrator of such estate, it shall be discontinued when the es-

Clindenin
*v.*
Allen.

tate is represented insolvent." This provision is too clear and explicit to admit a doubt with respect to its true meaning, and we are of opinion, that the judge of probate having decreed that the estate of the deceased should be administered in the insolvent course, this action must be discontinued.