## HENRY DEARBORN *et a. versus* JOHN TWIST.

Where a writ, returnable to this court, was made upon a blank, issued by the clerk, to be used in another court, it was held to be irregular and the writ was quashed.

IN this case, the plaintiffs' counsel had taken, in order to make out his writ, a blank, signed by the clerk of the court of common pleas, and intended to be used for a writ to be issued by that court; but the same person who signed the blank, was clerk of this court at the time

the writ of the plaintiffs issued.   There was a seal affix-<span style="float:right">Dearborn et a.<br>v.<br>Twist.</span>
ed to the writ, but it was not the seal commonly affixed
to the writs of this court.

*Porter*, for the defendant, moved the court to quash
the writ, because the piece of paper, attached to the writ
by a wafer, bearing no mark, impression or device, what-
ever, tending to shew that it was attached to the writ,
by the clerk of the court, as the seal of this court, could
not be deemed the seal of this court.

*By the court.*   According to a long established usage in
this state, the clerks of the courts prepare, what are us-
ually called, blank writs ; to which, they affix the seal
of the court and their own signature, and then deliver
them to the attornies of the court, who use them, for the
commencement of actions, by filling up the blanks, in-
serting the names and additions of the parties, the time
of the sitting of the court to which they are to be return-
ed, the declaration, teste, &c.   This usage has been
found very convenient in practice, and has been attend-
ed with very few inconveniences.   But, like most other
things, it has sometimes, been abused.

It has been said that, in some cases, writs have been
made out without a blank, and the seal of the court, and
the signature of the clerk taken from the writs which
have been used in other suits, and placed upon the writs
so made out.   It has also been said that, in other cases,
writs which have been used in one case, are, by erasure
and interlineation, made to answer in another case.
Emergencies may be easily imagined, in which, expedi-
ents, of this kind, might be adopted, to commence a suit,
without casting the slightest suspicion of any impure or
improper motive upon him who adopted them.   But it
has been said that instances have occurred, in which it
has been found that these expedients were adopted mere-
ly to save the expense of the blank !   When practiced
with such a motive, every upright and honorable mind
must view it, not only as a fraud upon the clerks of the

Dearborn et a.
v.
Twist.

court, but as displaying a mean and sordid spirit, which, when found in a member of a liberal and learned profession, deserves the severest rebuke.

In addition to the objection that such practices may be thus abused, there is another; that they tend to give, to the process and files of the court, an unseemly and slovenly appearance, which ought to be avoided.

When a blank has been used for the commencement of an action, and the writ has failed to be served for the term to which it was originally returnable, it has always been the usage, to alter the writ, and make it returnable at another term; and no reasonable objection to this usage is perceived. 18 Johns. 3 ; 13 ditto, 158 ; 4 N. H. Rep. 386 ; 1 Barnwell and Creswell 111.

It is not known to have been the practice to use, for the purpose of commencing an action in one court, blanks issued to be used as the process of another court, where the same persons happened to be clerk of both courts. And we are inclined to think that no mesne process ought to be pronounced valid, in any court in this state, unless it is made upon a blank writ, signed and sealed by the clerk, and which has been issued, by him, to be used as process in the court named in the blank, and which has not been used in the commencement of any other suit. This is a plain and simple rule, which will cure all irregularities on this subject, and which can never be inconvenient to those, who take due care to be always provided with a proper supply of blanks.

We are, on the whole, of opinion that the writ, in this case, must be quashed.