## JONAS B. BOWMAN *versus* CHARLES STARK.

No amendment of a creditor's extent of his execution upon his debtor's land can be allowed, after third persons have acquired an interest in the land under the debtor.

An attachment is not dissolved by the death of a debtor after judgment, although he may die insolvent.

Where a sheriff returned an extent under the date of October 17, 1829, but stated that the debtor, on the 29th September, in the same year, chose an appraiser, it was held that the extent was valid, although it appeared, that the debtor died on the second day of October, 1829.

THIS was an action of trespass for breaking and entering the plaintiff's close in Manchester, in this county. The cause was submitted to the decision of the court upon the following facts.

The defendant sued out a writ against one Patten Hall who was seized of the *locus in quo*, and by virtue of the same writ caused the *locus in quo* to be attached. The defendant, having obtained a judgment against Hall in that suit, at September term of the superior court, 1829, sued out execution on the 26th September, 1829.

Patten Hall died on the 2nd October, 1829.

The execution aforesaid was extended upon the *locus in quo* and a return of the extent made as follows :—

" Hillsborough, ss. October 17, 1829. In pursuance of the directions of F. G. Stark—I have extended this execution upon the piece of land, &c. in the following manner, to wit, I caused three appraisers to be chosen, that is to say, G. C. by F. G. Stark, attorney for the creditor, D. F. by the debtor, within named, on the 29th September last, and E. S. by myself, and the said G. C., D. F. and E. S. being all respectable freeholders and residents in the county of Hillsborough, who being sworn, &c. upon their oath said, &c.                M. M., D. Sheriff.

An administrator of the estate of Patten Hall was appointed on the 3d November, 1829, and on the 2d June,

1830, the estate was decreed to be administered in the insolvent course, and was in fact, insolvent. The extent was made within thirty days after the judgment was rendered.

*C. H. Atherton*, for the defendant, moved that the officer who made the extent might be permitted to amend his return by striking out the date of October 17, 1829, and inserting in lieu thereof the date of September 29, 1829, when he in fact commenced the extent.

But he contended, that the extent without the amendment was sufficient to pass the title to the land, neither the attachment, nor the extent being affected by the death of Hall after judgment and before the extent, nor by the circumstances that he died insolvent, and that his estate was administered in the insolvent course.    1 N. H. Laws, 96—97, and 364 ; 9 Mass. Rep. 209.

*Bowman*, for the plaintiff.

RICHARDSON, C. J. delivered the opinion of the court.

If Patten Hall were now alive, and no third person had acquired any interest in the land since the 29th September, 1829, perhaps the amendment, which the defendant moves to have made, might be permitted.    But Patten Hall is now dead, insolvent, and if nothing has now passed by this extent his creditors have acquired an interest in the land which we cannot lawfully take from them by permitting such an amendment.  Their claim to have the land applied to the payment of their debts is just and legal, and it does not belong to the exercise of any sound discretion, which a court possesses to deprive them of such a claim, and give the land to one, who has no legal title.    No authority has been cited, no authority can be found, to sanction such an amendment.

But in this case the attachment was not dissolved by the death of the debtor.   It is provided by statute, that attachments shall remain valid even in cases where a par-

ty to an action pending shall die, if the cause of action by law survives. If the death of a party pending the action does not dissolve the attachment, there seems to be no ground for holding the attachment dissolved by the death of the debtor after judgment.

The attachment in this case was not dissolved by the insolvency of the debtor's estate. When an estate has been decreed by the judge of probate to be administered in the insolvent course, all actions pending against the estate are to be discontinued ; and in this way an attachment may be defeated. 4 N. H. Rep. 389.

But the circumstance, that the estate, in this case, was, after judgment, decreed to be administered in the insolvent course had no effect upon the attachment.

The debtor, in this case, died after having appointed an appraiser. If it had been otherwise, the creditor, in order to save his attachment, must have caused the land to be seized by virtue of the execution within thirty days after judgment, and then in case no one came forward to take administration, must have procured some one to take administration in order that an appraiser might have been appointed on behalf of the estate. And in this way the extent might have been completed had no appraiser been appointed by the debtor himself. 3 N. H. Rep. 279, *Daniels* v. *Ellison.*

The extent, in this case, was completed within thirty days after the judgment, and, under all the circumstances, we see no valid objection to it.

*Judgment for the defendant.*