## Thomas Ames *vs.* Gershom B. Weston & al.

Where a writ was dated *November* 25, 1836, and was made returnable to the Court of Common Pleas next to be holden at B, within and for the county of P, which court was by a general law to be holden on the first *Tuesday* of *January* in each year ; and where the defendant appeared at the first term, and did not object for that cause until the third term ; *it was held*, that the court had power to permit an amendment of the writ by inserting on which *Tuesday* of the month and in what month of the year the court was holden.

Exceptions from the Court of Common Pleas, Perham J. presiding.

The plaintiff's writ was dated *November* 25, 1836, served the same day, and entered at the term of the Court of Common Pleas holden on the first *Tuesday* of *January*, 1837. As the writ then was it read thus. "Before our Justices of our Court of Common Pleas next to be holden at *Bangor*, within and for our said county of *Penobscot*, on the ――――― *Tuesday* of ――――― next; then and there," &c. Counsel appeared for the defendants at the first and second terms, and the action was continued generally, and at the third term the defendants moved to quash the writ for the omission to fill the blanks. The plaintiff moved for leave to amend his writ by filling the first blank with the word " first," and the second blank with the word " *January*." Leave thus to amend was granted, and the motion was overruled. The exceptions state, " whereupon the defendants became defaulted," and " to which ruling and order of the court the defendant excepted."

The argument was made in writing.

*Washburn*, for the defendants, contended, that the objection raised in the court below was a fatal one, and that the defect pointed out could not be amended. The statute requires that all writs in the Supreme Judicial Court and Court of Common Pleas shall be made returnable at the next succeeding term of the court, allowing sufficient time for the service. And the form in the statute which is prescribed, and which has the force of law, requires also that the day of the month and the month of the year should be set forth in the writ. Now in this case when the writ was served, and until the third term, neither day, week, month, nor year appeared in the writ. It was not made returnable to any term of the court. This

was a material and substantial defect, one which made the writ void and incurable, and which was not merely a formal error. The writ was not amendable. He cited *Hall* v. *Jones*, 9 *Pick.* 446; *Bailey J.* v. *Smith*, 3 *Fairf.* 196; *Ball* v. *Austin*, 13 *Pick.* 90; *Wood* v. *Hill*, 5 *N. H. Rep.* 229; 2 *Johns. R.* 190; 4 *Johns. R.* 309; 9 *Johns. R.* 386; 2 *Fairf.* 178; 3 *Black. Com.* 287; 6 *N. H. Rep.* 44; *Tidd's Pr. (8th ed.)* 160; 3 *Mass. R.* 193; 5 *Mass. R.* 362; 10 *Mass. R.* 176.

*Wilson*, for the plaintiff, contended, that if the writ was originally defective it was cured by the appearance of the defendants generally, for two terms, without objection. But if there was originally a defect in the writ, it was amendable under the *stat.* 1821, *c.* 59, § 16.   *Livermore* v. *Boswell*, 4 *Mass. R.* 437; *Green* v. *Lowell*, 3 *Greenl.* 373; *Wyman* v. *Dorr*, 3 *Greenl.* 183; *McLellan* v. *Crofton*, 6 *Greenl.* 307; *Sawyer* v. *Baker*, 3 *Greenl.* 29; *Buck* v. *Hardy*, 6 *Greenl.* 162. But the granting of this amendment was an act of discretion of the Judge for which exceptions do not lie.   *Clapp* v. *Balch*, 3 *Greenl.* 216.

The opinion of the Court was drawn up by

WESTON C. J. — The writ in question, as it stood before it was amended, was dated the twenty-fifth day of *November*, 1836, and was made returnable to the Court of Common Pleas, next to be holden at *Bangor*, within and for the county of *Penobscot*. As that court was, by a general law of the State, to be holden on the first *Tuesday* of *January*, the return day must have been understood by the officer who served the writ, and by the defendants. This is sufficiently indicated by the appearance of the latter, and the regular return of the writ.

In most of the cases, cited for the defendants, the writ was made returnable on a wrong day. As in *Wood* v. *Hill*, 5 *N. H. Rep.* 229, on the first *Tuesday* of *August*, instead of the third. In *Bunn* v. *Thomas, & al.* 2 *Johns.* 190, a writ, dated May twelfth, was made returnable on the seventeenth of *May* next, passing by one or two intermediate terms. So in *Burk* v. *Barnard*, 4 *Johns. R.* 308, the writ being dated 1808, instead of 1809, the return day was apparently passed, when it was served. In *Bell* v. *Austin*, 13 *Pick.* 90, the writ was made returnable the first *Tuesday*

of *April*, whereas the court was holden on the fifth *Tuesday* of *March*. In all these cases, the writs were held not amendable. But they differed essentially from the one before us, which was made returnable on the right day, but not with so much particularity, as the statute form must be understood to require. *Hall* v. *Jones*, 9 *Pick*. 446, *Bailey* v. *Smith & al.* 3 *Fairf.* 196, and *Dearborn & al.* v. *Twist*, 6 *N. H. Rep.* 44, turned upon the distinction necessary to be observed, between the seal and process of one court and another.

In this case, the parties, the cause and the court were so plainly indicated, that they could not be misunderstood ; and it appears to us to fall very clearly within the power of amendment, expressly given to the court by statute.

*Exceptions overruled.*