## INGRAHAM *vs.* OLCOCK & al. and Trustees.

The process of foreign attachment in this State, although in its form a joint process, is, in its character, objects and proceedings, and in its legal construction, to be regarded as several process, as against the principal defendant and the trustee.

And it is to be regarded as several process as against each of several trustees, unless they are expressly charged in the declaration as joint trustees.

Where the trustees are not expressly declared against as joint trustees, each is entitled to make all legal defence to which he would by law be entitled if he were alone declared against.

The statutes of this State provide that in actions in which the sheriff is defendant, the service shall be made by a coroner. A service in such a case by the deputy of the sheriff is unauthorized, and defective.

And such defect of service is good cause of abatement of the process, so far as the sheriff is concerned.

But such a defect of service will not furnish ground of abatement to other several trustees included in the same process with the sheriff.

Accordingly, where process of foreign attachment was instituted against the sheriff and another person, and service of the writ was made by the deputy of the sheriff, and the sheriff pleaded such defect of service in abatement, it was *held,* that the plea was receivable, and would operate to abate the writ as to the sheriff, but not as to the other trustee.

*Semble,* that a plea in abatement to the jurisdiction of the court, on personal grounds applicable to one defendant only, is not available for another defendant, and that it is error in such a case to abate a writ as to all the defendants.

FOREIGN ATTACHMENT. On the return of the writ, Huntington, one of the trustees, pleaded in abatement, that, at the time of the purchase of the writ, he was and ever since has

been, sheriff of the county of Cheshire, and that Phineas
Stewart, the deputy sheriff who served and returned the
writ, was, at the time of the service and return, a deputy
appointed by him, and as such deputy made the service and
return.

The plaintiff objected to the reception of the plea.

*Baxter* and *Edwards*, for the plaintiff.

*Vose*, for Huntington, trustee.

Woods, J.   The question, whether the plea filed in this
case is receivable, or the objection to its reception is to pre-
vail, must depend upon the proper determination of the ques-
tion, whether it can legally have the effect, in the manner in
which it is pleaded, to abate the writ in whole or in part.
For if it may properly have that effect, either as to Hunting-
ton, who filed it, or as to any other party to the action, it is
properly receivable for that purpose.

In order to determine the question of the effect of the
plea, and of the propriety of its reception as a plea in the
case, it will be necessary, or at least may throw light upon
those questions, to examine the character of our process of
foreign attachment, and the relation which the parties thereto
hold to one another.

The statute provides a form of process, embracing in it
not only the usual parties, viz : plaintiff and principal de-
fendant, but embraces also trustees of the principal defend-
ant ; and upon legal service, as provided by the statute, all
those parties will be in court, to sustain or answer the alle-
gations in the writ.

The object of the process is to establish the fact of the
indebtedness of the principal defendant to the plaintiff, and
of the trustee to the principal defendant, or of the possession
by him of the money, goods, chattels and choses in action
of the principal defendant, and in virtue thereof to satisfy,
out of the funds thus found in the hands of the trustee, be-
longing to the principal defendant, the sum in which he may

be found indebted to the plaintiff, together with the costs of the action as against the principal defendant.

The writ contains a declaration in the usual form against the principal defendant, and also another declaration against the trustee, charging him with the possession of the funds of the principal debtor, in the form of personal indebtedness to him, or as holding possession of his money, goods, chattels, and choses in action. The charges or allegations against the principal defendant and trustee are distinct from each other, are of a character entirely different, and their purpose and object are different.

The pleas or answers to the different allegations, made by the principal defendant and trustee, are different, and the issues framed must necessarily permit questions to be tried totally differing from each other ; the trials are distinct, and may be by distinct tribunals ; one by the court and the other by the jury, if the parties so elect to frame their pleadings ; and the verdicts and judgments are altogether different in form and character. The issues may be found against the principal defendant, and in favor of the trustee, or *vice versa.* Costs may be taxed for the trustee and against the principal defendant, and several and distinct judgments rendered therefor. In fact, in every point of view except the mere form of the writ itself, which is only a means provided for bringing the several defendants into court and notifying them of the allegations made against them, the object and proceedings in the process of foreign attachment, as regards the plaintiff and the principal defendant and trustee, are as disconnected as are the objects to be attained and the means employed in other suits between different parties pursuing the usual remedies known to the law ; and it has been decided in this court, that when several trustees have been declared against in the same process, they are to be treated as several and not as joint trustees, and are accordingly entitled to several judgments for their proper costs, unless they are expressly declared against, and expressly charged in the declaration as joint trustees, holding the funds of the principal defendant jointly.

And we are of the opinion that the process, although in its form a single process, is in substance and in point of law to be deemed and treated as several and not as joint process; as constituting separate legal proceedings in favor of the plaintiff and against the principal defendant, and in favor of the plaintiff and against the trustees severally, except in those cases against trustees in which they are expressly declared against, and charged jointly as holding the funds of the principal debtor.

Upon reference to the writ it is found that Huntington and Bardwell are not expressly declared against, as jointly holding the funds of the principal defendant. The action, then, so far as Huntington is concerned, is to be regarded as an action in favor of the plaintiff and against him individually; and he stands then holding the right to make all legal and proper defence to which any sole defendant is by law entitled.

This state of the case presents the question, whether the grounds of defence relied upon by Huntington would or could legally avail him, were he now called upon to answer to a process in form as well as legal effect several as against himself.

The plea is in abatement of the writ, for the reason that at the time of the service of the writ upon him he was sheriff of the county of Cheshire, and that the service was made by one Phineas Stewart, who at the time was a deputy sheriff under said Huntington, and as such served and returned the writ in this case.

The statutes of this State provide that in actions in which the sheriff is defendant, the service shall be made by a coroner, (1 N. H. Laws 541.) And the reason of such provisions is obvious. The deputy is in law but a special agent of the sheriff, and a service by a deputy would in legal effect be a service by the sheriff himself upon himself. It would be in fact the service by an agent upon his principal, which should not be.

But whatever may have been the reason, no doubt exists of the want of authority in the deputy to serve legal process in a case like the present, so far as Huntington is concerned. The fact that other persons are named in the process as defendants, cannot give the right to the deputy to serve it upon the sheriff. The service, then, is unauthorized and defective, and the complaint made is that the service is defective for want of authority in the officer making it. And no doubt exists that a defective service of the character complained of is good cause of abatement. *Brewer* vs. *New Gloucester*, 14 *Mass. R.* 216, is an authority in point as to the sufficiency of the alleged ground of abatement, so far as Huntington is concerned. But upon the view presented of the relation of the parties' in this action, there can be no pretence that the defective service complained of can have any operation upon the process to abate it, so far as regards the other trustee, any more than it would have if the suits were separate in form as well as legal effect. Upon this view of the case the plea was properly receivable, but is not to extend in its operation upon the writ beyond abating it as to Huntington. The other parties are properly in court, and in such manner as to have no connection with Huntington in legal contemplation, and no error or defect of service as to him can in any way affect any other party in the suit.

It has been decided, as appears by a note of the case in 2 *Ben. Monroe's R.* 341, as cited in Mr. *Kinne's Law Compendium*, in the Jan. No., 1843, that a plea in abatement to the jurisdiction of the court, on personal grounds appliable to one defendant only, is not available for another defendant, and that it is error in such a case to abate a writ as to all the defendants.

On the whole, we are satisfied that the plea is properly receivable, that its operation is to abate the writ as to Huntington alone, and that it cannot affect the process as to the other parties to the action.

*Let judgment be entered accordingly.*