## FARNSWORTH *v.* PAGE & TRUSTEES.

If a defendant die and his estate be decreed to be administered on as insolvent, the suit is discontinued, and no judgment for costs can be rendered for or against trustees who may have been summoned in the cause.

FOREIGN ATTACHMENT. In this action, Daniel Page

and Greenleaf N. Pierce were summoned as trustees of Samuel Page, Jr. Pierce disclosed, at the September term, 1843, that in June, 1842, he gave to Samuel Page, Jr., two promissory notes, each for the sum of $100, which notes were made payable to David Page, at the request of Samuel Page, Jr., in order, as he said, to save them from his creditors, as he was about to go into bankruptcy.

An order was served upon David Page to show cause why Pierce should not be charged as trustee. He came in and claimed the property in the notes. It appeared from his disclosure that he received the notes in question, and a large amount of other property, of Samuel Page, Jr., and that the same were in his hands at the time of the service of the writ. The plaintiff contended that the notes and the other property, above mentioned, were passed to David Page, and were received by him with intent to aid Samuel Page, Jr., in defrauding and delaying his creditors, which David Page denied. Evidence was submitted to the court, both by the plaintiff and by the assignee, and the action was continued. Subsequently to that time Samuel Page, Jr., died, and his estate was decreed to be administered as an insolvent estate. David Page afterwards moved that the action be dismissed. The plaintiff moved that costs be taxed against David Page, both as trustee and assignee, offering to show that David Page had received the property aforesaid of Samuel Page, Jr., with intent to aid him in defeating or delaying his creditors, which fact was not admitted by David Page, who claimed costs, as did also Pierce, the other trustee.

The questions arising upon said several motions were reserved and assigned by the court of common pleas to this court for determination.

*Morrison,* for the plaintiff.

*Hibbard,* for the trustees.

WOODS, J. It is provided by the Revised Statutes, chapter 208, section 34, that if the party summoned as trustee shall appear to have done any thing in relation to the property of the principal, by receiving it, taking a bill of sale of it, or otherwise, with an intent to aid the principal in defrauding his creditors, he shall pay costs.

By the next section it is provided, that in all cases in which the trustee has not been guilty of fraud or unnecessary delay, he shall be entitled to costs; and the court may order the same to be deducted from the amount in his hands, or may render judgment and issue execution therefor, &c.

Under the first of the foregoing provisions of law the plaintiff moves for costs against David Page, offering to make out the case supposed in the statute.

Under the second, the trustees move for costs, and insist that no case is made out in evidence that should deprive them of the ordinary benefit provided by law.

The proceeding in this cause is in the nature of a several proceeding against each of the parties brought into court. Its object is to establish a debt due from the defendant to the plaintiff, and a debt due from the trustees to the defendant. But the proceeding against the defendant is the principal matter; as against the trustees, the process is merely ancillary, and dependent upon the other branch, and no judgment can be rendered against the trustees until judgment is established against the principal defendant.

If the proceeding fails to establish a debt due from the trustees to the principal defendant, the trustees are in general entitled to their costs; but it is otherwise in certain cases. *Ingraham* v. *Olcock*, 14 N. H. Rep. 243. Whether the parties to the several motions submitted to the court should recover costs, depends upon a state of facts that had not been ascertained at the time the motions were submitted.

Farnsworth *v.* Page.

But before those motions were submitted the principal defendant died, and his estate was decreed to be administered upon in the course of insolvency. By this event the action was discontinued. *Clindennin* v. *Allen*, 4 N. H. Rep. 385; *Edes* v. *Durkee*, 8 *id.* 460.

No further proceedings could of course be had in the cause. Affairs stood as they would have stood if it had never been commenced, so far as respects the rights of the parties in court. No judgment can be rendered for or against either of them.

The question, whether the trustee should be indemnified in the matter of costs, by retaining the requisite amount in his hands, or by taking judgment against the plaintiff, is one which can be determined only by the event of the plaintiff's proceedings against the principal defendant. If these eventuate in a judgment against the defendant, and the trustee have funds, he retains his costs; if otherwise he takes judgment for them. The discontinuance of the action renders it impossible that such a question should be settled, and for the court to know what order to make in a case in which fraud or other misconduct is not surmised.

In the other case, it would be unreasonable if the technical impediment did not exist against the further prosecution of the cause, and contrary to rules adhered to in analogous proceedings, to permit the parties to litigate for the mere purpose of deciding a question of costs. *Eastburn* v. *Kirk*, 2 Chip. 317.

This action must, therefore, be dismissed with

*Costs to neither party.*