## PLUMER *v.* FOGG.

One who has sued out a writ of review, may, before service, alter it by changing the return day.

REVIEW. The defendant, who appeared solely for the purpose, submitted a motion to dismiss the case, for the reason that the writ had been altered since it was sued

out, by striking out the original return day, and substituting a later day.

The facts are disclosed in the affidavit of Mr. Bartlett, which is as follows:

"Some time in July, A. D. 1846, I applied to I. B. Hoitt, clerk of the court of common pleas for the county of Rockingham, for a writ of review in the case *Fogg* v. *Plumer*. I think afterward, on the same day, Mr. Hoitt handed me the writ now before the court, the said writ then purporting to be returnable to the August term of this court. When he handed me the writ Mr. Hoitt said to me, 'Mr. Bartlett, look this over, see whether it is correct; if not, make such alterations as you shall deem proper,' or words to that effect. I then told Mr. Hoitt that as it was a matter of some considerable importance, I would take the paper home and examine it at my leisure. I did so, and upon consulting the plaintiff in regard thereto, it was deemed proper by me to alter the return day and date in said writ. Immediately afterward I saw Mr. Hoitt, and told him what alterations I had made in the writ. Mr. Hoitt then, as I understood him, recognized the alteration as his act, by saying, ''t was all right.'"

*Bell*, for the defendant. The alteration of the writ was not made in the presence of the clerk, and was not his act. We say he cannot delegate to another the power to fill out or to alter a judicial writ, nor does it indeed appear that he attempted to do so in this case. His subsequent ratification of what the plaintiff's attorney had done is of no avail. It did not make it the clerk's act.

*M. Murphy*, for the plaintiff, cited *Clindenin* v. *Allen*, 4 N. H. Rep. 386; *Society, &c.* v. *Whitcomb*, 2 N. H. 227.

The question is, whether there is a difference between ordinary writs and writs of review, as to the alterations that may be made in them before service.

*Christie,* on the same side. No harm can be done by the practice of making such alteration. Counsel may alter any writ except writs of final process.

GILCHRIST, J. The proposition has been frequently affirmed in general terms, that a party or his attorney may make alterations in a writ before service, though afterward an alteration cannot regularly be made but upon motion, and as an amendment. *Sullivan* v. *Alexander,* 18 Johns. 3 ; *Sloan* v. *Wattles,* 13 Johns. 155 ; *Commonwealth* v. *Mycall,* 2 Mass. 136 ; *Clindenin* v. *Allen,* 4 N. H. Rep. 386.

In the case first cited, it was said in argument that such practice would not be allowed in the English courts, where, after the writ is sealed, no alteration can be made. In that case the *teste* and *return day* had both been changed, which, it was argued, made it an entirely new writ. But the change having been made by the directions of the attorney of the party, before service, was held to have been regular.

All the cases cited relate to writs of *mesne process,* so called from analogy to writs of that character in the English practice, although in fact original, by our practice ; and the decisions proceed upon the theory that the writ is the work of the party, shaped under his directions, for his own purposes, although in the name of the State, and, when committed to the proper officer for service, in the nature of process.

Writs of review are, in general, filled up by the clerk of the court from which they issue, and to which they are returnable. They are founded upon a record in that court which settles their form and contents, and this accounts sufficiently for that practice. But when filled up by the clerk, they are delivered to the party who applies for them, and who may use them or not, as he is advised, precisely as the case is with the writ of *mesne process.*

Until served and returned, they do not become of record. The party applying is entitled as of right to the writ as he is to the writ of *mesne process.*

There seems to be no good reason for restraining the party who has sued out a writ of review, from exerting the same power of altering it which he clearly has to alter other writs which he has sued out. He may bring his writ of review at any time within two years next after judgment in the original action, and there is nothing in the act of suing out the writ that need conclude his election to proceed at the term next succeeding the judgment. He may forbear till the last day within the period limited, and for that purpose may procure a new writ, or pursue the more obvious and easier course of altering the old one to suit his purpose of deferring the proceeding.

No sufficient objection to this practice has been pointed out, nor do we perceive any. The writ of review is, like a common writ of attachment, summons or capias, under the control of the party until it is served. He may, until that event, correct or alter it as he may be advised, within the general purpose for which he has obtained it.

*Motion denied.*