## PUFFER v. GRAVES.

A judgment against a trustee is not evidence for him in an action by his creditor, for any other purpose than to show the amount for which he was charged.

A trustee's disclosure is not evidence in his favor in another proceeding.

Assumpsit, on a promissory note, dated May 29, 1849, for $125, payable to R. Ward, or bearer, on the first of October, 1849, on which was indorsed $100, and of which the plaintiff was alleged to be assignee. On the general issue, the making and consideration of the note were admitted. The plaintiff's evidence tended to show that in February, 1849, the plaintiff was in possession of this note, claiming it as his own, and that he then delivered it to a witness to collect.

Payment of the note was resisted, on the ground that the defendant was summoned, on the 3d of September, 1849, as trustee of Ward, the payee, at the suit of one Heaton, by writ returnable at March term, 1850 ; that he appeared and made a disclosure of this note of $125, on which he alleged $100 had been paid and indorsed, leaving $25, and interest due upon it. He disclosed that there was a debt due to him from Ward of $20,12, upon an account which he set forth, leaving a balance due upon the note, including interest, of $6,54. His costs were taxed at $3,17, and deducted from this sum, and he was charged as trustee for the residue, $3,37 ; and paid that sum to Heaton upon the execution

recovered against him. He further disclosed that he had good reason to believe that this note, at the service of the trustee process, was the property of Ward, and in the possession of himself or his agent.

These facts were proved by the record of the trustee suit, and evidence of payment of the amount for which the trustee was charged.

It did not appear at what time the note came into the hands of the plaintiff, but there was evidence tending to show that it was after the trustee suit was commenced, and after the note became payable. There was no evidence relative to the consideration or circumstances of the transfer.

The plaintiff objected to the admission of the record of the trustee suit for any other purpose, except to show the amount for which the trustee was charged, and to the admission of the disclosure of the trustee as evidence of the account claimed by the trustee, but they were admitted.

The plaintiff offered to introduce evidence to show that the items of the account claimed by the trustee were due, if at all, not from the principal debtor alone, but from the debtor and said Puffer, jointly; that the account had been paid, and that the articles charged were delivered in payment of an existing account due from the trustee, but the evidence was rejected.

A verdict was taken by consent, to be set aside if the superior court should be of opinion that these rulings were erroneous.

*Lane*, for the plaintiff.

*Wheeler & Faulkner*, for the defendant.

BELL, J. Under our statute, (Rev. Stat. ch. 208, § 18,) the indorsee has no other or greater rights than the payee of a note, in case of a trustee suit, charging the maker as trustee of the payee, unless he can show that the same was

transferred to him in good faith and for an adequate consideration, before the service of the trustee process. No evidence is offered in this case having a tendency to show these facts, and the maker of the note was, therefore, properly charged as if there had been no transfer of the note, and the record of the judgment has the same force and effect against the assignee as it has against the payee.

We regard it as settled elsewhere, upon reasons which have equal force here, that if the trustee discharge himself upon his examination, the judgment is no defence to an action brought by the defendant for the same cause; for if that were allowed he would be able to cancel the debt or other cause of action by his declaration. *Graves* v. *Brown*, Mass. Rep. 334; Cushing's Trus. Process, § 280.

It has been decided here that the trustee process, though in its form a single process, is in substance and in point of law to be deemed and treated as several, and not as a joint process; as constituting separate legal proceedings in favor of the plaintiff against the principal defendant, and in favor of the plaintiff against the trustee. *Ingraham* v. *Olcock & Trustees*, 14 N. H. Rep. 243. A necessary consequence of the separate character of these proceedings is, that neither of the parties can be affected by what is done in the case of the other, except so far as the property of the debtor may be subjected, by the judgment against the trustee, to the process of the debtor. This view is confirmed by the fact that no provision is made by the statute for compelling or permitting the defendant to become in any way a party to the controversy between the creditor and the trustee, as to the amount in the trustee's hands. By section 18 he may be required to give certain information relative to the possession and disposition of promissory notes; but he seems, even in this, to stand rather in the position of a witness, or a defendant in a bill of discovery, than of a party. Provision is made by which assignees from the debtor, or persons claiming adversely to him, may be permitted to

maintain their claims, but those provisions do not seem to apply to the defendant himself.

We are, therefore, of the opinion that the judgment rendered in the case between the creditor and the trustee, is not evidence against the debtor for any other purpose except to show the amount for which he was charged; and that the disclosure of the trustee is, as to the defendant, but a declaration of a party, which may be evidence against himself, but not in his favor.

*Verdict set aside.*