# BELKNAP.

## JULY TERM, A. D. 1853.

## PARKER & a. v. BADGER.

If a defendant die pending an action, no further proceedings can be had till an administrator appear, or being served with *scire facias* make default; and on a decree of insolvency by a judge of probate, the court of common pleas have no authority to determine the merits of the action, or to order any other disposition of it exceping its discontinuance.

THIS action was entered at the September term, 1852. On the eighth day of the said term the defendant died, and his death was suggested on the record.

There was an appearance entered for the defendant in the action.

On the twelfth day of said term the plaintiffs entered on the record and submitted to the court a motion that judgment be rendered for the plaintiffs, as upon a default as of the first day of the term, and in support of the motion relied upon the fact that an attachment was made upon the writ of the estate of the defendant, which attachment might be lost by the death of the defendant and the insolvency of his estate. This motion being resisted, the plaintiffs proposed to submit the action to a jury, but the attorney who appeared for the defendant objected, declining to act in that behalf as his attorney, on the ground that his authority ceased at the death of the defendant. The plaintiffs thereupon moved

that a default be entered and judgment entered thereupon as of the first day of the term.

The court not being inclined to grant the motion, at the request of the plaintiffs that the questions arising upon the motion might be transferred to the superior court, the court directed the action to be entered " transferred." No case was drawn up, nor order for the transfer signed by the presiding justice, prior to an adjourned sitting of the court of common pleas in October, 1852. At said 'adjourned sitting the administrator of the defendant, deceased, appointed since the adjournment, appeared for the purpose of resisting the motion, and furnished evidence that the estate of the defendant, deceased, had been decreed by the judge of probate to be administered as an insolvent estate, and that a commissioner to examine and allow the claims of creditors against said estate had been duly appointed, such decree of insolvency and appointment of a commissioner being made after the motion of the plaintiffs, and after the adjournment of the court.

*James Bell,* for the plaintiffs.

The plaintiffs' attachment was not dissolved by the defendant's death. *Bowman* v. *Stark,* 6 N. H. Rep. 459; *Edes* v. *Durkee,* 8 N. H. Rep. 460.

The statute, p. 320, merely prohibits proceedings against the administrator.

At common law and by the statute 17 Charles II. chap. 8, the plaintiff is in such a case entitled to a judgment as of right, as of the time when the defendant was living. 2 Tidd Prac. 846, and cases cited; *Green* v. *Watkins,* 6 Wheat. Rep. 260.

And in such case the death of the party is not such a revocation of the authority of his attorney as to operate as a stay of proceedings. 1 Tidd Pr. 496; 6 T. R. 368; 7 T. R. 21.

The execution may be executed after the death of the

party against whom it runs. 2 Tidd Pr. 915; 1 Ld. Raym. 695; 2 Ld. Raym. 850; 1 B. & P. 571; *Bowman* v. *Stark,* 6 N. H. Rep. 459.

The plaintiffs had a vested right, by their attachment, acquired by their superior diligence, which should not be defeated by a mere representation of insolvency. Such a representation may, under the present statute, be made by an administrator of an estate known to be solvent.

The delay of the court in disposing of the case until the adjourned term cannot affect the right of the plaintiffs to have judgment entered according to their motion. 2 Tidd Pr. 846.

*Vaughan,* appeared to oppose the motion of the plaintiffs.

Woods, J. The court will, on good cause shown, and for the promotion of justice and the protection of actual rights, order a judgment to be entered as of a term, or a day in a term, anterior to that on which such order is made. And the judgment so entered will take effect by relation, from the day indicated. *Bank* v. *Cornell,* 2 N. H. Rep. 324. But the present case is not one which calls for the exercise of any such powers, or would even justify it. Such an order clearly could not properly be made until after verdict or default or other record confession of indebtedness, fully entitling the party to a judgment. The plaintiffs' case had reached no such result at the time of their motion.

During the lifetime of the defendant, Badger, he appeared regularly in court; in form, contesting the plaintiff's action; and might, for anything that appears in the case, have ultimately prevailed in the defence. But pending the suit he died, and of course all proceedings against him, were at an end. His death was suggested upon the record, and no further steps could have been taken, till the administrator should appear, or, on being served with *scire facias,* make default. Rev. Stat. chap. 161 §§ 16, 17.

Parker *v.* Badger.

Before these events occurred, the.estate was represented insolvent, and commissioners were appointed, who by law had the exclusive cognizance of the plaintiffs' claim in the first instance. The suit thereupon was, or should have been, discontinued. *Clindenin* v. *Allen,* 4 N. H. Rep. 385 ; Rev. Stat. chap. 161 § 8. The common pleas had no longer jurisdiction to determine the merits of the action or to order any disposition of it, excepting its discontinuance. The statute has long been so construed. It is therefore clear that the motion in the present case could not properly have been granted.

*Motion denied.*