CHARLES W. BRAY *vs.* GEORGE W. LIBBY.

Cumberland. Opinion June 28, 1880.

*Change of writ after service.    Waiver.*

A change in mesne process after personal service on the defendant, without leave of court is unauthorized and irregular, except in cases where it is permitted by statute.

The defendant will be deemed to have waived his rights, depending upon an unauthorized and irregular change of the writ, unless he takes advantage of the same by plea in abatement, or, when the defects appear of record, by motion seasonably filed. And when the defendant thus waives his rights, the court will not dismiss the writ, unless it perceives that justice or the due course of legal administration requires it.

ON REPORT from the superior court, Cumberland county.

ASSUMPSIT on a promissory note. On the eleventh day of the return term the defendant filed a motion to dismiss, which, it was admitted at the hearing, recites the facts.

Motion to dismiss.—"And now comes the said George W. Libby, and shows to the court here, that plaintiff's pretended writ in said action is void and of no effect, and is no writ because he says that the same was originally sued out of said court on the third day of December, A. D. 1877, under the seal of said court, and bore date on said third day of December, A. D. 1877, and was returnable to said court on the first Tuesday of January, A. D. 1878, and was on the fifth day of December, A. D. 1877, duly served on this defendant by a duly qualified officer to whom the same was directed, to wit : by Gardner M. Parker, a deputy sheriff for said county by the said Parker, deputy sheriff as aforesaid, attaching thereon a chip as the property of said defendant, and giving to him in hand a summons for his appearance at court, as by said writ commanded, who made due return on said writ under his hand as deputy sheriff as aforesaid, bearing date on said fifth day of December, A. D. 1877, that he had by virtue of said writ attached a chip as the property of said defendant, and given him a summons in hand for his appearance at court. And after said writ was so sued out, dated, made returnable, served, and the return aforesaid by the officer aforesaid made thereon, signed by said officer in his official capacity, the said writ was not returned to this court on said first Tuesday of January, A. D. 1878, nor at any time during said term of said court holden on said first Tuesday of January, 1878, but was without consent or permission of this defendant, and without any order of this honorable court materially altered, and changed, that is to say : the date thereof was changed from the third day of December, A. D. 1877, to the thirty-first day of December, A. D. 1877 ; the return day was changed from the first Tuesday of January, A. D. 1878 to the first Tuesday of February, A. D. 1878 ; the return aforesaid of the officer aforesaid thereon, was erased ; and thereafter, that is to say : after the alterations and changes aforesaid, on the thirty-first day of December, A. D. 1877, a pretended attachment was made thereon, and a return

thereof made by William H. Dresser, sheriff of said county, and a further pretended service was made on said pretended writ, on the nineteenth day of January, A. D. 1878, by E. R. Brown, a deputy sheriff for said county, who made return thereon in his capacity as such deputy sheriff, that by virtue of the said writ, he had, on that nineteenth day of January, A. D. 1878, made service on said defendant, by giving him in hand a summons for him to appear and answer at court, all of which this defendant is ready to verify. Wherefore this defendant says that he ought not to be held to answer to said action, and he moves the court here to dismiss the same and for his costs.

                                        GEORGE W. LIBBY."

Sworn to before a magistrate.

*S. C. Andrews* and *A. F. Moulton,* for the plaintiff.

*M. P. Frank,* for the defendant.

SYMONDS, J.   The writ used for bringing this suit, was originally dated December 3, 1877, returnable at the next January term of the superior court, and was delivered to an officer, who made return of personal service, and a nominal attachment of property thereon.

Subsequently, discovering it is said that there was no attachment of real estate, and for the purpose of making one, before entry the attorney for the plaintiff caused the date and the return day to be changed, and a new service to be made by an attachment of real estate and by giving a new summons to the defendant. The writ so changed was entered by leave of court on the second day of the February term, to which it was returnable, and on the eleventh day of the term the defendant moved to dismiss.

The question is raised whether after service on the defendant such a change of the writ and new service were authorized.

From the fact that in trustee proeess, a proceeding somewhat similar is expressly permitted, no implication can arise that it is allowed in cases to which that statute does not apply. The inference rather is, that the statute was required in order to warrant such a use of the writ, and that it therefore has no

justification, except in cases to which the statute applies, namely, in cases of foreign attachment.

The writ issues from court, and is returnable thereto, authorizing in the meantime property to be attached, and the defendant to be summoned. When this has been done, the writ has performed its office and should be returned. There should be no change in it, after such service, except by leave of court. "The writ, when served, must be returned into the court by the officer who makes the service. Neither he nor the attorney who gave it to him, can alter or add to it." *Brigham* v. *Este*, 2 Pick. 424.

The cases cited from Massachusetts, *Gardner* v. *Webber*, and *Parkman* v. *Crosby*, 16 Pick. 251 and 297, go no further than to hold that after an attachment of property, and before service on the defendant, a change of the date and return day may sometimes be permitted, upon the ground of a long established practice in that State, with which the court in its discretion declined to interfere, not perceiving that it was liable to abuse, and holding that if a new rule of practice were to be established it ought not to act retrospectively. Such a practice continued for a long time may properly be regarded as having had the sanction of the court.

Whatever may be the practice in this respect, in this State, it is clear that the cases cited afford no authority for a change in the writ after it has been served on the defendant. There is in Massachusetts, a precedent for an indictment against a justice of the peace for altering a writ after service, and before the return day, which apparently failed only for want of technical precision in its averments. *Comm.* v. *Mycall*, 2 Mass. 136. While from the later decisions of *Brown* v. *Neal*, 3 Allen, 74, and *Simeon* v. *Cramm*, 121 Mass. 492, it is clear that alterations of the writ after personal service would not be allowed in that State.

The court in New Hampshire, with greater strictness, refuses to allow a writ which has been served by an attachment of real estate, even if there has been no service on the defendant, to be used to commence a new action of later date between the same parties. *Parsons* v. *Shorey*, 48 N. H. 550.

In *Clindenin* v. *Allen*, 4 N. H. 386, the court say : "When the writ has been served upon the defendant, he at least for some purposes is considered a party to the cause, and there is an action pending between parties having day in court. In this stage of the proceedings, that is, between the service of the writ upon the defendant and the entry of the cause in court, by our practice, depositions may be taken by either party to be used in the cause. . . . . Before the writ is served, the plaintiff is at liberty to alter or amend it as he pleases ; but after it is served, any alteration without leave of court is a forgery ;" meaning, as we should understand, that such act of changing the writ would be a forgery, if accompanied with the fraudulent intent which is one of the elements of the crime.

There is a series of decisions in New Hampshire, directed against changes in mesne process, after service has once begun by attachment of property, or even against its use for another action between other parties, after it has once been filled, ready for service. But they serve our present purpose only so far as they tend very strongly against allowing changes .to be made in the writ after it has been served on the defendant. *Dearborn* v. *Twist*, 6 N. H. 44 ; *Lovell* v. *Sabin*, 15 N. H. 37 ; *Lyford* v. *Bryant*, 38 N. H. 89 ; *Eastman* v. *Morrison*, 46 N. H. 136. The attorney may alter the test and return of a writ *before* it has been served. *Sloan* v. *Wattles*, 13 Johns. 158 ; *Sullivan* v. *Alexander*, 18 Johns. 3.

But while the change in the date and return day of the present writ, after service, was irregular, the only remedy for the defendant was by plea or motion in abatement. It is a matter which touches only the present proceeding, and does not affect the merits, or show that the plaintiff is concluded. So far as any rights of the defendant grew out of the irregularity, it was competent for him to waive them, and under the rule of the superior court, which provides that all pleas or motions in abatement must be filed within two days after the entry of the action, we think he did waive them by neglecting till the eleventh day of the term to file his motion to dismiss. There is no averment that the facts were first discovered after the usual time for filing pleas

in abatement, nor any reason assigned for the delay. "Objections of a purely technical character, which do not go to the merits of the case, must be made at the earliest practicable opportunity, or they will be regarded as waived." *Raymond* v. *County Com'rs*, 63 Maine, 110.

Nor does it change the result that only a special appearance was entered. "If the time allowed for filing the motion is permitted to pass without doing so, it is as much a waiver as if the appearance had been general. It is a neglect to do that without which the objection becomes of no avail." *Richardson* v. *Rich*, 66 Maine, 249, and cases cited.

It may well be doubted whether, as the case is presented, a plea in abatement, rather than a motion, was not in this instance necessary. It is not alleged in the motion that all the facts appeared upon inspection of the record. The record might show changes and erasures, but it is no where alleged that it would exhibit the state of facts set forth in the motion. Certainly such changes might be made so carefully as not to appear in full upon the face of the papers.

Whatever rights accrued to the defendant from any illegality in the use of the process, having been waived by a failure on his part to observe the rule of court in the time of filing his plea or motion, it remains only to inquire whether the irregularity is of such a character that the court of its own motion will refuse to regard the process as valid, and will interpose to stay further proceedings upon it. It is clear that there may be an abuse of mesne process such that, if both parties assent, it cannot receive the aid or sanction of the court. It is clear, on the contrary, that not every irregularity would be treated as ground for summarily dismissing the action. The whole subject, in cases like this, where the defendant has not put himself in position to claim a legal right in regard to it, must be referred to the discretionary power of the court, to determine in each instance, as in the allowance of amendments, what the due course of legal administration requires; whether the irregularity is so injurious in its effect upon the case at bar, or so dangerous as a precedent, as to render it an abuse requiring correction.

The present case is free from any imputation of intended wrong. Nor do we perceive that anybody has been injured. The defendant had the same notice of the present suit that he would have had if a new writ had been used. He had the same opportunity to appear at the January term and claim costs on non entry of the original writ, and the fact that such a use of mesne process renders it liable to be abated on plea or motion seasonably filed, or to be dismissed in any case in which it becomes apparent to the court that justice requires it, will be a sufficient protection against any tendency to abuse.

> *The motion to dismiss is overruled and by agreement of counsel, in that event, the entry was to be,*
>
> *Defendant defaulted.*

WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.