Sewall, J.
[After stating the plaintiffs’ demand, the several issues, and the verdict.] By a motion in arrest of judgment, this question, arising upon the defendants’ third plea, is to be decided by the Court, viz., — whether, after a destruction by fire of the buildings demised, the lessors, without rebuilding, can recover their rent. *56 The supposed hardship of the case has been urged upon the attention of the Court, as an argument for the defendants. The answer to this argument is, that a lease for years is a sale of the demised premises for the term; and, unless in the case of an express stipulation for the purpose, the lessor does not insure the premises against inevitable accidents, or any other deterioration. The rent is in effect the price, or purchase money, to be paid for the ownership of the premises during the term ; and their destruction, or any depreciation of their value, happening without the fault of the lessor, is no abatement of his price, but entirely the loss of the purchaser.
Independently, however, of the general reasoning, which has been gone into upon this question, the law applicable to the case at bar has been long settled. In the case of Belfour vs. Weston, cited for the plaintiffs, the same question was made which [ * 68 ] arises in this case; but the* Court of King’s Bench refused to hear an argument upon it; being of opinion that, the point had clearly been determined by the authorities ; and on that occasion Justice Butter refers to the opinion of Lord Mansfield in the case of Pindar vs. Ainsley and Rutter; where the question occurred in an action of ejectment brought by the tenant, in a lease for years, against the landlord, for the possession of some houses, which, having been burnt down, had been rebuilt by the landlord during the term; but after acts by the tenant, from which his abandonment of the lease was to be presumed. Lord Mansfield stated, as an established principle of law, that the consequence of the house being burnt down is, that the landlord is .not obliged to rebuild, but the tenant is obliged to pay the rent during the whole of the term.
Nor is it correct to say that, in cases of this nature, the courts of equity in England afford relief. The cases cited in the argument for the defendants, as in point to that purpose, are noticed by Justice Butter in the case of Doe v. Sandham; (9) and he speaks of them as decisions on particular circumstances, and not upon any general principle or rule of equity. (10)
Upon the whole, this established rule of law determines the construction and operation of the contract relied on by the plaintiffs in the case at bar. When words of the same import are used, as were employed in the contracts upon which the decisions cited and referred to were made, the intentions of the parties must be understood in conformity to those decisions, even admitting the sup *57 posed hardship of the case, or severity of the demand. But even this objection seems inapplicable, when we consider the lease as a bargain and sale for the term at an agreed price. When there is no covenant on the part of the lessor to insure against fire, or any engagement to repair the premises in that event, or any other casualty by which they may be impaired or destroyed, the accident becomes the * misfortune of the lessee, and [ * 69 ] he is not excused from his rent.
Judgment is not arrested, but must be entered according to the verdict. (11)

 1 D.& E. 705.

 [Hare vs. Groves, Anstr. 687. — Leeds vs. Cheetham, 1 Sim. & Stu. 146. — Holzapfel vs. Baher, 18 Ves. 115. — Ed.]

 [Monk vs. Cooper, Ld. Raym. 1477. — Str. 763. — Belfour vs. Weston, 1 D. & E. 310. — Holtzapfel vs. Baker, 4 Taunt. 45. —18 Ves. 115.— Leeds vs. Cheetham, 1 Sim. & Stu. 146. — Hare vs. Groves, Anstr. 687. —Phillips vs. Stevens, 16 Mass. 238. — White vs. Wagner, 4 Hog. 373.— Wagner vs. White, ib. 564. — Paradine vs. Jane. Alleyn, 27. — Com. L. & T. 211. — Ed.]