## Reuben Hudson *versus* Caleb Hunt and E. Fisk, his trustee.

One of two joint debtors cannot be charged as a trustee, in a suit, where the other debtor is not joined.

No person can be adjudged a trustee, on account of goods which have been pledged to him by the principal.

Fisk, the trustee in this case, disclosed, in his answers to the interrogatories, that he and Joab Hunt had the use of a brick yard, belonging to C. Hunt, the principal, during the summer of the year 1829, for which they agreed to pay to the said Caleb Hunt the sum of $70, in bricks; which sum still remains due and unpaid; that the trustee, at the close of the summer of the year 1829, purchased all the right of the said Joab Hunt in the bricks, which they had made in the said yard, and agreed with the said Joab, to pay the said sum of $70, to the said Caleb Hunt; that soon after the trustee and the said Joab Hunt went into the possession of the brick yard. Joshua Woodward, Caleb Hunt, and the trustee were together, and Caleb Hunt told the trustee, that he owed a sum of money to Woodward, and that he wished the trustee to pay to the said Woodward the sum that the trustee and Joab Hunt were to pay him, for the rent of the brick yard, to which the trustee replied, that he would pay it to Woodward, if the said Caleb Hunt wished him so to do.

The trustee further stated, that he had in his hands certain property, belonging to the principal, which the latter had delivered to him in pledge, and which he still held in pledge, to indemnify him for having become a surety upon a promissory note, at the request of the principal.

*Goodall* and *Woods*, for the plaintiff.

*J. Smith*, for the trustee.

It was urged on behalf of the trustee, that he could

not be charged for the rent, in the first place, because it <span>Hudson, et a.<br>*v.*<br>Fisk, et a.</span> was the joint debt of the trustee and another, and one of two joint debtors cannot be charged as a trustee. 1 N. H. Rep. 184, *Rix* v. *Elliot*; 6 Mass. Rep. 60.

And, in the next place, because it had been assigned to Woodward, and Hunt had no cause of action against the trustee. 2 N. H. Rep. 439; 7 Mass. Rep. 259 and 438; 4 ditto, 510; 13 ditto, 215; 3 N. H. Rep. 67; 1 Pick. 461.

It was also contended, that he could not be charged for the goods in his hands, because he held them as a pledge. 1 Pick. 389; 2 N. H. Rep. 93; 4 Mason, 464.

*By the court.* It is settled, that he who holds goods as a pledge, cannot be held as the trustee of him, who pledged the goods. The trustee cannot, therefore, be charged in this case, on account of the goods he holds in his hands.

It is also settled, as a general rule, that one of two joint debtors cannot be charged as a trustee, unless the other debtor is joined with him in the process. And we see no reason, why the general rule should not govern the decision of this case. For, notwithstanding the agreement betwen the trustee and Joab Hunt, that the trustee should pay the rent to Caleb Hunt, the rent still remained their joint debt. It does not appear that Caleb ever agreed to take the trustee as his sole debtor, and discharge Joab, or that he has any remedy for the rent against the trustee alone. The trustee is not chargeable, then, on account of the rent.

*Trustee discharged.*