## ATKINS *vs.* PRESCOTT & Trustee.

A person, summoned as trustee in his individual capacity, will not be held chargeable where he discloses a liability merely as a member of a firm, to the principal debtor.

Where a trustee suit is against the firm, but a co-partner is without the state, service on one partner will be sufficient to bind the firm; but time will be allowed the person summoned to ascertain from his partner as to the state of any claim betwixt the firm and the principal debtor, and whether the same has been paid or not.

FOREIGN ATTACHMENT. The principal was defaulted. The trustee disclosed that there was nothing in his hands for which he was individually liable to the principal debtor.

In answer to the enquiry whether he at any time bargained

with or employed Prescott, the defendant, to carry for him the United States mail on any route ; and if so, for what length of time, and at what rate of compensation, the trustee discloses that he never made any bargain, or employed the said Prescott to carry the United States mail on any route or routes ; but that Josiah B. French, of Lowell, Massachusetts, and the trustee, are joint contractors for carrying the mail on the route from said Lowell to Claremont, New-Hampshire, called route No. 192, which includes the routes by Newport and Lempster, New-Hampshire—that the whole amount of mail money which came to their hands, as joint contractors, from July 1, 1837, to January 1, 1838, for the whole route, is two thousand three hundred and thirty-five dollars and two cents, subject to a deduction of four hundred and ninety-one dollars and forty-five cents, for expenses in obtaining the mails, leaving a balance of one thousand eight hundred and forty-three dollars and fifty-seven cents ; which sum is to be divided by the mile on the route, to each owner in proportion to the distance he owns ; and according to this rule of division the owner of the route from Lempster to Claremont is entitled to the sum of one hundred and thirty-three dollars and thirty-five cents, and the owner from Claremont to Newport is entitled to the sum of one hundred and ten dollars and fourteen cents, and that said Prescott claimed to be joint owner of two thirds of the routes from Lempster to Claremont and from Claremont to Newport, during the quarter—and the whole from the 1st of July to the 22d of the same month ; and that Franklin W. Thompson claimed to be joint owner of the other third, from the said 22d day of July, 1837, to January 1, 1838, as appears by a copy of the contract annexed, presented to the trustee by Thompson ; and from the sums so due to Prescott and Thompson is to be deducted the sum of seventy-one dollars and seventy-five cents, their proportion expended by French and the trustee as joint contractors, in consequence of the delay in forwarding the mails in season.

The whole amount due to Prescott & Thompson is $243·49
From which deduct, for delay of mails,       71·75

                                          $171·74

Out of this sum Prescott is entitled to     $128·33
And Thompson,                         43·41

And the trustee discloses, in the hands of French and himself, as joint contractors aforesaid, the sum of one hundred and seventy-one dollars and seventy-four cents, belonging to Prescott & Thompson, in the said proportions, and that he was liable in no other manner to the principal debtor.

The case was submitted to the decision of the court on the several questions arising on said disclosure.

*Tappan*, for the plaintiff.

*Leland*, for the defendant.

UPHAM, J. The trustee who is summoned in this case is a partner of French, and if liable at all is liable only as a member of that firm. He is, however, summoned merely in his individual capacity. But it is well settled in this state that one of two joint debtors cannot be charged as a trustee in a suit where the other debtor is not joined. 1 *N. H. Rep.* 184, *Rix* vs. *Noyes & Trustee; 5 Ditto 538, Hudson* vs. *Hunt & Trustee.*

Where a debtor holds a joint contract against two or more, and his creditor would avail himself of the benefit of this contract, under process of foreign attachment, he must summon all the parties liable by law to discharge it. 6 *Mass. R.* 62, *Jewett* vs. *Bacon.*

Where, also, an individual is the debtor of a firm, and is summoned as trustee of a portion of said firm only, he cannot be charged. 6 *Mass. R.* 490, *Upham* vs. *Naylor & Trustee.*

Atkins *v.* Prescott & Trustee.

In this case, however, it is contended that as the member of the firm who is not summoned, resides without the state, service is sufficient on the partner residing within the jurisdiction of the court. This would be so were the members of the firm included in the action. Where such is the case the officer should make return of the fact that the co-partner is without the state, and also whether he has left goods or estate within his precinct. On such suit and return, judgment may be had against the partner residing within the state, who is properly notified. 16 *Mass. R.* 299, *Parker & a.* vs. *Danforth & Trustee.* But neither partner can be holden, unless the whole firm is joined in the action.

Had the partner been included in the writ, whether service was on him or not the firm would have been holden; but the trustee would not have been required to disclose till he could have informed his partner of the pendency of the trustee process. If the partner had not paid the claim to the principal debtor, then he could not do it after such notice, except in his own wrong; and the trustee might well disclose as to the liability of the firm. Here no claim is made against the firm, and the trustee is in no manner liable.

*Trustee discharged.*