## CLARK & a. *vs.* WILSON & Trustees.

A firm, all whose members lived out of this State, were summoned as trustees, and one of the members came into the State and signed the partnership name to an acknowledgment of the service of the writ.—*Held*, that the service was insufficient.

FOREIGN ATTACHMENT. The following facts appeared from the disclosure.

The trustees are John S. Jenness, John Gage, and John E. Lyon, partners transacting business under the name of Jenness, Gage & Co. In the writ they are all described as of Boston. They had money in their hands, being the proceeds of sundry notes deposited with them by the defendant as collateral security for a debt which he owed them; and after paying that debt there was a balance due the defendant. There was no other service of the writ upon the trustees than as follows: " We hereby acknowledge due and legal service of the within writ upon us as trustees, and waive all exceptions to the want of a more formal service thereof. Merrimack ss. Sept. 22, 1843."

(Signed,) Jenness, Gage & Co."

The signature of the firm was placed to the above acknowledgment by John S. Jenness, and at its date one of the notes referred to was in Boston, and the other notes were in the hands either of Jenness or of his agent in this State.

*Ainsworth*, for the trustees. This is a compulsory process, and the trustees have no right to appropriate the funds in their hands, without the assent of the principal debtor. They held property of the defendant only in Massachusetts. To be charged, they must hold property in this State. *Jones* vs. *Winchester*, 6 *N. H. Rep.* 497 ; *Tingley* vs. *Bateman*, 10 *Mass.* 343 ; *Ray* vs. *Underwood*, 3 *Pick.* 302.

*Fowler*, for the plaintiff. There is no rational objection to this mode of service. It has the recommendation of saving expense. The trustees received notes here against persons in this

State, and this obviates one objection. No third persons were interested, or injured by the acknowledgment of service.

GILCHRIST, J. The process in this case, although in its form single, is to be considered as a process against the trustees jointly, because they are declared against as jointly holding the property of the principal debtor. *Ingraham* vs. *Olcock*, [14 *N. H. Rep.* 243.]

By the *Rev. St. ch.* 208, § 3, it is provided that trustee writs shall be served upon the trustee and the principal defendant in the same manner as writs of summons. By ch. 183, § 2, writs of summons are to be served by reading them to the defendant, or by leaving a copy at his place of abode. Where the trustee lives out of the State, the statute provides no mode of service. We have held that where a trustee suit is against a firm, but a copartner is without the State, service on one partner is sufficient to bind the firm. *Atkins* vs. *Prescott*, 10 *N. H. Rep.* 120. But as in the present case all the trustees live out of the State, the question is, whether an acknowledgment of service by one in the name of the firm will bind his partners. It was by accident merely, or by the goodwill of Mr. Jenness, that any service was made upon the trustees. It is said, in *Tingley* vs. *Bateman*, 10 *Mass.* 346, that a resident and inhabitant of another State is not, in legal contemplation, within the process of the court to be summoned as a trustee, any more than the goods of a debtor which may be come at to be attached, are liable to be taken by attachment or execution while remaining deposited within the bounds of a neighboring State. The property in the hands of the trustee is to be considered as local, and as remaining at the residence of the trustee. In *Ray* vs. *Underwood*, 3 *Pick.* 302, the defendant lived in Massachusetts and the trustee lived in Rhode Island, and came into Massachusetts only occasionally, and it was held that he was not liable to the process. It is not, however, necessary to pursue the inquiry in this direction; for whatever might have been the effect of a separate acknowledgment of service by the individuals composing the firm, we think this service was invalid. We cannot say that one member of a

firm, all of whom live out of the State, has any authority to ac-
knowledge service of a writ in the State. The matter is entirely
unconnected with the partnership business. *Foot* vs. *Sabin,* 19
*Johns.* 154 ; *Wilson* vs. *Williams,* 14 *Wend.* 146. Such a ser-
vice would not be sufficient if the trustees were the principal de-
fendants, and it is equally invalid against them in their present
capacity.

*Trustees discharged.*