### Hervey Nash *vs.* James Brophy & Trustee.

The test of a writ may be amended in any stage of a cause, by substituting the name of the first justice of the court, who is not a party, in place of another name erroneously inserted.

When a single trustee is summoned in the process of foreign attachment, and is described, in the writ, as of a town in the county in which the action is brought, and he comes in and alleges, in his answer, that he was not an inhabitant of that county, when the suit was commenced, but of another county, and that he had not, when the writ was served, any goods, &c. of the principal defendant in his hands, the court cannot, upon the motion of the principal defendant, dismiss the action upon the ground that it was brought in the wrong county.

When the principal defendant, in a process of foreign attachment, is a creditor of a firm, and not of the individual members of it, and one only of the firm is summoned, or named in the process, as trustee of such defendant, and he states in his answer that the debt due to such defendant has been paid to him uncondi tionally, since the service of the process, he cannot be held as trustee.

THE writ, in this case, was dated June 27th 1845, and was returnable at the following September term of the court of common pleas. The plaintiff resides in this county, and the principal defendant in Middlesex. John Kinnin, the only person who was named as trustee, in the writ, was described as of Quincy in this county, and the writ was served on him, by reading it to him, in Quincy. Kinnin made no appearance at the return term, but the principal defendant then appeared, and filed an account in offset, and procured a continuance. At the next term, (December 1845,) Kinnin appeared by attorney, and by his attorney answered as follows: " That at the time of the service of said writ on him, he was not an inhabitant of Quincy, nor had he ever been, or ever had his domicil in said Quincy ; but, at the time of said service on him, he was resident in Kingston, in the county of Plymouth, though, for a few weeks prior, he had been a resident, for a temporary purpose, in the State of Maine; and that he had no goods, effects or credits of said Brophy in his hands at the time of the service of said writ." At the same December term, the principal defendant appeared by attorney, and filed a motion to dismiss the action, because it appeared by the said Kinnin's answer, that said Kinnin, at the time of the service of the writ on him, was resident and had his domicil in Kingston in the county of Plymouth, and not in the county of Norfolk, and so the writ was not legally returnable to the court of common pleas in Norfolk. The principal defendant also, at the same term, moved the court to dismiss the writ, because it bore test of John M. Williams, and not of Daniel Wells, chief justice of said court. The plaintiff thereupon moved for leave to amend, by substituting the name of said Wells for that of said Williams. This motion was granted, and the amendment made.

At April term 1846, Brophy called up his motion to dismiss the action, because Kinnin was not a resident in Norfolk, and offered to prove, by the papers on file, and by oral testimony, that said Kinnin's residence was as stated in his aforesaid answer ; but the court refused to admit the evidence, and

overruled said motion.   To this ruling the principal defendant excepted.   At the same April term, said Kinnin filed a sworn answer, stating that he had no goods, effects or credits of said Brophy in his hands, at the time of the service of said writ on him, and submitting himself to examination on oath.   He also averred that he did not dwell in Norfolk, at the time of the service of the writ, but in Kingston, and prayed to be discharged.   The plaintiff propounded interrogatories to said Kinnin, from his answers to which it appeared that, at the time of the service of the writ on him, he was partner with William Flyn; that the partnership name was Kinnin & Flyn; that the firm owed Brophy a note payable to him, and, not to his order, which note Kinnin & Flyn afterwards paid to said Brophy, unconditionally and without any agreement, act or word, as to the future disposition of the amount.   The court of common pleas discharged said Kinnin, and the plaintiff appealed to this court.

The plaintiff had a verdict, in the court of common pleas, against the principal defendant, and the case came into this court, upon his exceptions aforesaid, and the plaintiff's appeal aforesaid.

*E. Ames,* for the plaintiff.

*Arad Moore,* for the defendant and trustee.

SHAW, C. J.   The allowance of the amendment of the writ, so as to make it bear test of Daniel Wells, instead of John .M. Williams, as chief justice, was right, and fully authorized by the Rev. Sts. *c.* 100, § 20.   The test is a mere matter of form.   *Ripley* v. *Warren,* 2 Pick. 592.

The motion to dismiss the action, because brought in the wrong county, was rightly overruled.   The trustee was described as of Quincy in the county of Norfolk.   *Prima facie,* therefore, the writ was properly returnable in that county ; and there was no error, apparent on the record, to warrant a dismissal of the action on motion.   Whether the trustee might have come in, at the first term, and have pleaded, in abatement of the writ, the matter stated in his answer, viz. that he was not resident in the county when he was summoned, is not now in question, because he has not so pleaded.

We think Kinnin was rightly discharged on his answer; he being indebted to the principal defendant, as one only of a firm, and the partner not being named nor summoned. And he answers, that the debt was unconditionally, and without indemnity, paid by the firm. *Jewett* v. *Bacon,* 6 Mass. 60, 62. The trustee, therefore, is discharged, with costs.

Such a service having been made on the principal defendant, as would be sufficient to charge him in an action commenced by the ordinary process, the plaintiff has a right to proceed in the suit against him, in the same manner as if no trustee had been summoned.