## BARKER *v.* GARLAND AND TRUSTEES.

Where a trustee is summoned in a suit before a justice of the peace, and after default of the principal, discloses that he had made a negotiable promissory note to the defendant, which remains unpaid, if this note is claimed on notice under the statute, by an assignee, and the justice decides against the claim and renders judgment, charging the trustee, the claimant of the note may appeal to the Court of Common Pleas.

And the Court, on motion of the appellant, should discharge the trustees, if it appear that he ought to have been discharged by the justice, though neither the trustee nor the principal defendant appeal, or appear in the Court of Common Pleas.

The statute making trustees chargeable in certain cases, for negotiable notes due by them to the principal, has not changed the rule of law, which requires all the parties jointly, or jointly and severally, liable to the principal defendant, to be summoned as trustees.

A trustee cannot be charged in a suit before a justice of the peace, on account of a negotiable promissory note, due from him to the principal defendant.

APPEAL, from the judgment of a justice of the peace, before whom the principal defendant was defaulted. Charles French and Charles Yorke, were summoned as trustees. Yorke disclosed that, before the service of the writ on him, he signed a promissory note as surety with two others, payable to the princi-

pal defendant or order, at a day subsequent to the service ; that the note had not been paid to his knowledge ; that he had received notice from James Hilton, that the note was in his possession.

French disclosed that he had signed two notes as surety, with two others, payable to the principal defendant or order, at a day subsequent to the service of the writ, which notes were not paid to his knowledge.

On notice issued to Hilton, he came in under the statute, before the justice, and claimed the notes. The justice gave judgment against Hilton's claim, and adjudged the trustees severally chargeable for the notes respectively signed by each.

From this judgment Hilton claimed an appeal, which was allowed and duly entered in the Court of Common Pleas.

In that court the plaintiff moved to dismiss the appeal, and Hilton, the appellant, moved that the trustees be discharged.

Neither the principal defendant, nor either of the trustees appealed or appeared in the Court of Common Pleas.

*N. & G. N. Eastman,* for the plaintiff.

I. The appeal ought to be dismissed. The only object of the appeal must have been to try the question between the plaintiff and Hilton by a jury. But Hilton tendered no plea or issue before the justice, and there is nothing in the case, that a jury can try. Rev. Stat. 346.

II. The trustees ought not to be discharged. The decisions in 1 N. H. Rep. 184, and 5 N. H. Rep. 538, were made before the statute was passed, making trustees chargeable on account of negotiable promissory notes, and therefore do not apply to this case. Either of the signers might have been sued alone on these notes, and either may be charged alone on this process, as trustee of the principal defendant.

In case of a joint liability on contract, if one is sued alone, he must plead the nonjoinder in abatement ; and in this case there should have been a plea in abatement, if the trustee was not willing to be solely chargeable for the note.

*Christie,* for Hilton,

The case finds that, " on notice, Hilton came in under the statute, before the justice, and claimed the notes," " that the justice gave judgment against his claim, and adjudged the trustees severally chargeable for the notes due respectively from each."

I. The first point made by the plaintiff is, that Hilton had no no right to appeal. That he was a party to the suit, and had an interest involved and to be tried therein, appears by chap. 208, § 18, of the Rev. Stat. By this statute it is clear that he had a right to have his claim to the notes, mentioned in the disclosures of the trustees, heard and tried by the justice in this case ; and that the justice had jurisdiction and authority to adjudicate the same.

But the justice's jurisdiction and determination was not final and conclusive upon the question, unless acquiesced in. Hilton, like every other party whose rights have been adjudicated upon by a justice in a civil cause, has a right of appeal to the Common Pleas. Constitution of N. H. Art. 77 ; Rev. Stat. 346, § 6.

II. The trustees were not chargeable upon their disclosures, and should have been discharged. *Elliott* v. *Noyes,* 1 N. H. Rep. 184 ; *Hudson* v. *Hunt & Tr.,* 5 N. H. Rep. 538 ; *Jewett* v. *Bacon,* 6 Mass. 60.

III. Hilton had a right of appeal, on the ground that the trustees were wrongfully charged ; as otherwise his claim against them upon the notes would have been barred by the justice's judgment charging them. Rev. Stat. 423, § 38.

IV. It does not appear, " that no plea was filed, and no issue tendered." From what does appear, however, it may and should be inferred that there were both.

PERLEY, J. Had Hilton, the holder and claimant of the notes disclosed by the trustees, the right to appeal from the decision of the justice, disallowing his claim ?

By the Rev. Stat. chap. 208, §§ 18 and 19, if any person, summoned as trustee, appear to be indebted, at the time of the ser-

vice of the writ on him, to the debtor by a negotiable promissory note, the court may make a rule or order of notice, to be served on any individual, or published in some newspaper, for the information of any person who may claim an interest in the note, that such person may appear and show that the note was transferred to him in good faith and for an adequate consideration, before the service of the trustee process; and the question whether the same was so transferred to him, shall be decided by the jury, if he or the plaintiff request it. If it shall not appear that the note was so transferred, the trustee shall be charged, and the payment of the judgment against the trustee shall be a discharge of the maker from so much of the note.

The claimant of the note, who comes in on an order of notice, is made by the statute a substantial party. He is required to have notice. He is entitled to a trial by jury; and his rights are concluded by the judgment. The proceeding between him and the plaintiff has all the properties of a " civil cause " within the meaning of the constitution, which provides, article 77, that either party in such cause may appeal from the judgment of a justice of the peace. The Rev. Stat. also enacts, chap. 175, § 6, that either party, aggrieved by any judgment given by any justice of the peace in any civil cause, may appeal therefrom to the next Court of Common Pleas.

The trustee has the right of appeal, as well as the principal defendant; because he is by the statute made a party to the suit, and his rights are concluded by the judgment. *Hovey* v. *Crane,* 10 Pick. 445.

On the same grounds it must be held, that the claimant of a note who comes in under the statute, has the right to appeal from the judgment of a justice of the peace.

The appellant moved that the trustees be discharged. The trustees did not appeal, nor appear in the Court of Common Pleas, and this motion is not made on their account. But Hilton, the appellant, is directly interested in this question; because, unless the trustees have disclosed facts on which they might be charged for the notes held by him, he is not bound to maintain his right to them in this suit, and was improperly summoned before

the justice. He is therefore a competent party to make this motion.

The judgment of the justice was vacated, or at least suspended by the appeal, and the whole cause was before the Court of Common Pleas, for their consideration and decision. *Campbell* v. *Howard*, 5 Mass. 376; *Keene* v. *Twiner*, 13 Mass. 266; *Shotts* v. *The Judges of Ulster County*, 2 Cowen, 506.

To charge the trustees in the Court of Common Pleas, there must have been a new adjudication on that point in that Court, and the question of their liability to be charged was open there on motion of any proper party.

The trustees ought to have been discharged, — first, because they neither of them disclosed any funds in their hands, except negotiable notes, in which they were respectively liable to the defendant jointly and severally with other persons, not summoned as trustees in the suit; and it has been decided, in the cases cited for the appellant, *Elliot* v. *Noyes*, 1 N. H. Rep. 184, and *Hudson* v. *Hunt*, 5 N. H. Rep. 538, that the trustee in such case cannot be charged. And the provisions of the Rev. Stat. making trustees in certain cases chargeable for negotiable notes which they owe to the principal defendant, could not have been intended to change the law in this respect. No such change is made by any express provision of the act, and none can be implied from the general objects contemplated by the statute. All the reasons upon which this rule of law can be supposed to have been established, apply with undiminished force to the new cases. The other parties to the notes, not summoned, might voluntarily pay, and perhaps might be compelled to pay, to the principal defendant, notwithstanding this process against the co-signers of the notes, and in that case how could their claim to contribution against the trustees be affected by a judgment to which they were not parties? *Jewett* v. *Bacon*, 6 Mass. 62.

The trustees must also be discharged, because the statute does not give a justice of the peace jurisdiction to charge a trustee for a negotiable promissory note due from him to the principal defendant.

The statute that makes a trustee chargeable in certain cases

for a negotiable note which he owes to the defendant, limits the jurisdiction to the Court of Common Pleas. The 15th section of the 208th chapter provides that " if upon the disclosure of any person summoned as trustee in the Court of Common Pleas, or upon the trial of an issue between him and the plaintiff, it shall appear that such person had in his possession at the time of the service of the process upon him, or afterwards, any promissory note," &c. The 16th, 17th, and 18th sections of the same chapter are connected with the 15th, by successive references. The 18th section, under which the trustees are sought to be charged in this case, enacts that "if any person *summoned as aforesaid,* &c., that is, any person summoned as trustee in *the Court of Common Pleas* as is provided in the 15th section. The jurisdiction given in the 18th section is thus limited by unequivocal reference to the 15th section, which relates only to trustees summoned in the Common Pleas.

There are other reasons for holding that the legislature did not intend to give a justice of the peace jurisdiction to charge a trustee on account of a negotiable promissory note.

The statute gives the Court power to appoint a receiver, to hold and dispose of the property disclosed, under the provisions of these sections; a power, which a justice of the peace would find it difficult to exercise, and which the legislature cannot have intended to confer on a single magistrate of such limited judicial authority.

The statute also gives the right of trial by jury, if either the plaintiff or the claimant of the note may desire it; but no such trial can be had before a justice of the peace.

The general grant of jurisdiction to a justice of the peace over the trustee process, excepts from his jurisdiction cases that are " *restricted to the Court of Common Pleas,*" and this, we think, is one of the cases so restricted.

On these grounds we are of opinion that the trustees should be discharged.