Shaw, C. J.
We have no doubt that the trustees were rightly discharged. Two only, out of the five persons named in the writ, were served with process, in a case where, if the trustees who have answered were liable at all, they were liable jointly with the others. We are inclined to the opinion, that when the plaintiff proposes to charge trustees, as holding a credit, or being debtors to the principal defendant, all must be served with process, who are jointly liable, and who are inhabitants of the state, and may be served with process. Jewett v. Bacon, 6 Mass. 60; Parker v. Danforth, 16 Mass. 299. The importance of this in principle is illustrated in the *519 present case, in which the plaintiff, in his interrogatories, is under the necessity of asking the two what their co-trustees said and did in respect to their joint indebtedness to the principal.
But there are several grounds much more decisive: 1. The trustees were only liable on a written contract, which was entire, by which the principal was not to receive his money till his work was complete; and it was not complete, but substantially, and not formally merely, incomplete, when the trustee process was served. 2. They were to pay him only when in funds from the sale of lots, and they were not in funds. 3. Although not bound to pay any thing till the work was finished, they had paid him in advance a larger proportion of the whole price, than the proportion of the work done bore to the whole work, had the contract been divisible and the contract payable pro rata. Such payment in advance, though they were not bound by the contract to make it, was a good discharge pro tanto.
One interesting and rather novel feature in this case is, that after the trustees had filed the general answer, and subsequently filed answers to three sets of interrogatories in detail, the plaintiff filed a fourth set of interrogatories; whereupon the trustees prayed the opinion of the court, whether they were bound to answer them, and the court decided that they were not. There is no positive provision of law as to the length to which interrogatories may extend, and from the nature of the case there can be no definite rule laid down ; and yet in practice there must be a limit. We can perceive this nowhere but in the judgment of the court upon all the circumstances. We have examined the last set of interrogatories sent up with the record, arid we are satisfied, that either they have all been answered, in the answers to previous questions, or else they are impertinent and immaterial, so that, in whatever way answered, the answers would not affect the question of their liability.
Judgment of the court of common pleas, discharging the trustees, affirmed.