## LADD & a. v. BAKER & TR.

A note written in the following form, namely: "I promise to pay A. B. or order," &c., and signed by two or more persons, is a joint and several promissory note.

It is a well settled general rule that where there are two or more joint, or joint and several debtors, one of them cannot be charged as the trustee of the payee unless the others are joined in the process.

But one of two or more joint and several debtors may be charged as such trustee, without joining the others in the action, provided it shall appear that he may not remain liable to pay the debt a second time, either to the payee or any of the other joint and several debtors, nor be otherwise prejudiced if he be thus charged.

FOREIGN ATTACHMENT. In reply to the usual interrogatory, Gordon, the trustee, stated that on the 27th day of July, 1850, he gave to Baker, the principal defendant, his promissory note for $127,82, payable to said Baker or order in ninety days, with interest. He further stated that Jesse Ladd, one of the plaintiffs, signed the note with him, at his request, and in fact as his surety, although it did not so appear upon the face of the note. In answer to further in-

quiries, subsequently propounded to him, Gordon said that since he disclosed in this case at a former term, he had seen the note given to Baker, as before stated, and its form is as follows, namely: "I promise to pay David B. Baker or order," &c., and was signed by himself and Jesse Ladd, as before stated. He further stated that he was formerly partner with said Baker, and that there were unsettled matters between them on that account, but that he had no means of knowing how the parties stood in that respect, and did not believe that he was indebted to Baker on that account. He further stated that the partnership had never been formally dissolved.

*Leverett*, for the trustee.

By the answers of Gordon, the supposed trustee, it appears that prior to this suit, Gordon and Jesse Ladd, (one of the plaintiffs,) gave their joint and several promissory note to Baker, the principal defendant, for the debt of Gordon.

We contend that Gordon cannot be adjudged the trustee of Baker in this suit, because his co-debtor has not been joined in the process. Where two are jointly and severally indebted, one of them cannot be charged as trustee, unless the other debtor is joined with him in the process. *Jewett* v. *Bacon*, 6 Mass. Rep. 60; *Rix* v. *Elliot*, 1 N. H. Rep. 184; *Hudson* v. *Hunt & Trustee*, 5 N. H. Rep. 538; *Atkins* v. *Prescott & Trustee*, 10 N. H. Rep. 120; *Perkins* v. *Danforth & Trustee*, 16 Met. Rep. 299. The old, the sound, and established principle is, that one shall never be adjudged to be trustee, if by any reasonable possibility he may be liable to answer to any other person than the plaintiff. Dame's Abr. 192 A. 8.

The case of *Jewett* v. *Bacon*, in 6 Mass. Rep. 60, was shortly this. One Silas Richardson and the trustee (Bacon) gave their joint and several notes to Maxwell, (the principal defendant in the original suit,) for the debt of the trustee,

Bacon. Richardson was not joined in the process. During the pendency of the suit, Richardson paid one of the two joint and several notes.

*Parsons*, C. J., in delivering the opinion of the court, says : " Richardson not being a party, or privy to the suit, cannot be affected by any judgment that can be given. As a several as well as a joint promissor, he might legally discharge the contract at his pleasure, without or even against the consent of the trustee, Bacon. And if he discharged it when liable to be called upon to fulfil it, he is entitled to an indemity against the defendant, (Bacon, the trustee,) for whom he was surety. The law therefore will not require the defendant (*i. e.* the trustee,) to pay the creditor of the promisee, and at the same time leave him liable to indemnify his surety for satisfying the promisee. When, therefore, a debtor holds a joint contract against *two or more*, and *his* creditor would avail himself of the benefit of this contract under this special attachment, he must summon all the parties liable by law to discharge it."

Now in the case at bar, for aught that appears, and indeed for aught that Gordon knows, Ladd, as a several as well as a joint promissor, has already discharged this contract, as he legally might do at any time, and if called upon by Baker, must do, or incur the vexation and expense of a suit.

If, then, Ladd has discharged this contract and paid the note to Baker, he is entitled to indemnity and reimbursement from Gordon. The law, therefore, will not require Gordon to pay the plaintiffs and at the same time leave him liable to indemnify his surety. The same rule of law has been repeatedly recognized in New Hampshire. The case of *Rix* v. *Elliot*, 1 N. H. Rep. 184, is precisely in point. There the simple and only question was the same as here presented, namely, whether Elliot could be adjudged the trustee of Noyes, he being indebted jointly and severally with one E. Sawyer, and Sawyer not having been joined

in the process. The court refer to this decision in *Jewett* v. *Baker*, 6 Mass. Rep. 60, and further say, " that it has often been decided in this State that when there are several joint debtors, they must all be joined in the process. The trustee must be discharged." The same rule is recognized again in the case of *Hudson* v. *Hunt & Trustee*, 5 N. H. Rep. 538. The court there say that " it is settled as a general rule, and we see no reason for disturbing the decision." And another recognition of the same rule is to be found in the case of *Atkins* v. *Prescott & Trustee*, 10 N. H. Rep. 120.

A different rule would be oppressive and unjust, and often subject the trustee to the liability of paying his debt twice.

*Wm. C. Thompson*, for the plaintiff.

The objection suggested why the trustee, Gordon, should not be charged, is that his indebtedness to the defendant is jointly and severally with another person.

There seems to be no equitable reason why the fund should not be reached in this form in such a case, unless the party not summoned as trustee actually pays the debt. There is no danger that the trustee will become doubly accountable (to the plaintiff, and the party not summoned,) as the court would always afford time to ascertain the state of the fund.

The cases quoted by the counsel for the trustee are generally either cases of indebtedness, joint and not several, or where the debt was actually paid by the party not summoned. The case in the 1st vol. N. H. Rep. *Rix* v. *Elliot*, seems not to have been much considered, and to have rested on the authority of *Jewett* v. *Bacon*, 6 Mass. Rep. 60, where the point was not under consideration, and was not decided by the court. Cushing's Trustee Process, 43.

If the trustee would avail himself of this defence, he should object to answering on this ground, which is not

done by the trustee in this case. *Jewett* v. *Bacon*, 6 Mass. Rep. 60.

In the case quoted from 5 N. H. Rep. 538, *Hudson* v. *Hunt*, it is stated by the court to be the general rule that where the contract is joint, all the contracting parties must be summoned as trustees. It is admitted that there are exceptions to such a rule, even where the contract is joint and not several. One of the exceptions is where some of the contracting parties are out of the jurisdiction, as in *Parker* v. *Danforth & Trustees*, 16 Mass. Rep. 303. The case under consideration affords two essential grounds of exception to any such general rule, whether in cases of joint contract or joint and several.

It appears from the disclosure of the trustee, that Jesse Ladd, the plaintiff, is the same Jesse Ladd who signed the note with the trustee. He could not have been summoned as trustee, as he would have been plaintiff and defendant, and the fund would have been placed beyond the reach of the attachment, unless the present mode of proceeding is admitted. The necessity of the case is the ground of exception here, as in the case alluded to, where some of the parties were out of the jurisdiction. *Harris* v. *Burley*, 8 N. H. Rep. 233; *Belknap* v. *Gibbens & Trustees*, 13 Met. 471.

The circumstance of the plaintiff and the contracting party not summoned being identical, precludes any danger of the trustees being doubly liable—to be charged as trustee, and also to indemnify the surety, who is the other contracting party—because the plaintiff (Ladd,) having charged the trustee in this form, would be estopped from afterwards calling on Gordon for indemnity. He could not attempt, without a gross fraud, to make Gordon pay twice.

WOODS, J. Gordon, the trustee, is sought to be charged for the amount of a promissory note. It was in form as follows, namely: " I promise to pay David B. Baker," &c.

&c., and was signed by Gordon, and by Jesse Ladd, one of the plaintiffs. The note then was a joint and several promissory note. It was the note of both, and of each of the subscribers, as to its legal obligation between the parties to it. *March* v. *Ward*, Peake's N. P. C. 130; *Hemmenway* v. *Stone*, 7 Mass. Rep. 58 ; *Humphreys* v. *Guillow*, 13 N. H. Rep. 385. An action might be maintained upon the note in favor of Baker, the payee, against Gordon alone, or against Gordon and Ladd, jointly, at his election. Can Gordon be charged for the note as trustee by a creditor of Baker, without joining his co-promissor in the action? That is the question arising upon this case. In *Rix* v. *Elliot*, 1 N. H. Rep. 184, the only question was whether Elliot could be adjudged the trustee of Noyes, the principal debtor, he being indebted jointly and severally with one Sawyer, to said Noyes, and being alone sued as trustee. On behalf of the trustee, it was objected that Sawyer should have been joined in the process. It was then said by the court that "it has often been decided in this State that where there are several joint debtors they must all be joined in the process." And the trustee was discharged. In *Hudson* v. *Hunt & Trustee*, 5 N. H. Rep. 538, it was decided that as a general rule, one of two joint debtors cannot be charged as a trustee unless the other debtor is joined with him in the process. No authorities are cited in support of the rule thus stated. It seems to have been understood as the settled law in this State. The debt, on account of which the trustee was attempted to be charged in that case, was not in fact a joint and several debt, but a joint debt only, for which he was jointly liable with another debtor.

*Jewett* v. *Bacon, Trustee of Maxwell*, 6 Mass. Rep. 60, was *scire facias* against the trustee to charge him for the amount of two joint and several notes of hand, signed by the trustee and one Richardson, who signed as his surety, each note being for a certain quantity of hay, and payable to Maxwell at different periods specified therein. During

the pendency of the original action, Richardson paid and satisfied the note which first fell due, at its maturity. Upon that ground, it was insisted that the contract was determined, both as to the trustee, and as to Richardson. The court say, " This argument appears to have weight; Richardson, not a party or privy to the suit, cannot be affected by any judgment that can be given. As a several, as well as a joint promissor, he might legally discharge the contract at his pleasure, without, or even against the assent of the defendant. And if he discharged it when liable to be called upon to fulfil it, he is entitled to an indemnity against the defendant, for whom he was a surety. The law therefore will not require the defendant to pay the value of 'the merchandise to a creditor of the promisee, and at the same time leave him liable to indemnify his surety for satisfying the promissor. When, therefore, a debtor holds a joint contract against two or more, and his creditor would avail himself of the benefit of this contract, under this special attachment, he must summon all the parties liable by law to discharge it."

In *Atkins* v. *Prescott & Trustee*, 10 N. H. Rep. 120, the doctrine of the cases of *Rix* v. *Noyes*, and *Hudson* v. *Hunt*, is re-stated, namely : " One of two joint debtors cannot be charged as a trustee in a suit where the other debtor is not joined." The point raised and decided in that case was, that where a person is summoned in his individual capacity, and it appears that he is liable to the principal only as a member of a firm, he is not chargeable in the process of foreign attachment. From the authorities cited, it would seem that the same rule is applicable in the case of a joint and several contract, as in the case of a joint contract. The protection to be furnished in either case to the trustee is the same. There is the same necessity for the application of the rule in the one case as in the other. The foundation and the decisions establishing the rule is the liability of the joint or joint and several promissor who is summoned

Ladd *v.* Baker.

as trustee, to pay the joint debt, or some portion of it, a second time.

Ordinarily, the debtor who is not made a party to the action has a right, and may. pay and discharge the contract at its maturity, and gain a right to a contribution against the party sued. In the case of *Jewett* v. *Bacon*, it was held that he might make the payment and discharge the contract during the pendency of the suit, without, and even against, the .will of the trustee. If such be the law, and the trustee in such a case was holden to be chargeable, it is clear that he might be greatly prejudiced by reason of his liability to pay the debt a second time, under the trustee process. It is this risk of prejudice and injury to the trustee that has led to the adoption of the rule already stated. While the statute is intended to furnish to creditors the means of satisfying their debts by the attachment of the funds of debtors in the hands of trustees, it is not designed to give the trustee process the effect of working injustice and prejudice to the trustee. The law does not intend changing his rights and duties to his detriment, but only, without injury to him, to apply the funds of the principal debtor found in his hands to the fair discharge of the creditor's claim. This statute is properly to be so construed and administered as to accomplish its just purposes, and none other.

A trustee, therefore, who is summoned, and who comes into court and makes a full disclosure of the facts in the case, will not be held chargeable, unless in a case and under circumstances effectually protecting him against all danger of further legal liability for the payment of the debt, or the discharge of the duty for which he may be held liable. Such are clearly the grounds, reasons and views upon which the well settled rule in regard to the liability of joint and joint and several debtors has been arrived at.

If the same reasons are found to exist in the present case upon which the decisions already made and referred to are seen to rest, then the trustee, although he may be justly in-

debted to the principal debtor, and even liable to pay the entire debt to him, must be discharged. But if those reasons do not exist in this case, then a different rule may be applied, and a different result may be arrived at, and the trustee, having funds in his hands belonging to the principal debtor, may be charged therefor. For when the reasons no longer exist upon which a rule of law rests, the rule itself ceases to exist.

Gordon, the trustee, is the principal signer of the note for which the plaintiff claims to charge him in this suit, and it is his duty to pay the whole debt and save Ladd, the other signer, harmless, and if he can be held to pay it to Ladd and Calley, without the risk of further liability, we entertain no doubt that he should be charged.

Ladd, who signed the note with the trustee, and as his surety, is one of the plaintiffs, and with the other plaintiff seeks to charge Gordon, as the trustee of Baker, the principal debtor, with the amount of the note. Ladd, then, knows the state of the claim, and the condition of the parties to the action. He is himself a party, and as such chargeable with that knowledge. And we think it cannot be doubted that if while prosecuting this suit, Ladd should pay the debt to Baker, and at the same time should proceed and charge the trustee in the present action, he would be wholly remediless as against Gordon for such payment. It could not be regarded as a payment at the request and for the benefit of Gordon, by his surety. It would be a payment by him in his own wrong. If he could be permitted to pay the debt to Baker, and seek his redress against the trustee for such payment, and at the same time be allowed to charge the trustee with the payment of the note to himself and his co-plaintiff in this process, the law would be chargeable with affording its aid to enable the party, with a full knowledge of the wrong, and by his own acts, to cast upon the trustee the burthen of paying the note twice. But there is no principle of law more firmly established than

that which forbids a party to take advantage of his own wrong. And we think it entirely clear that such a payment could not create a liability on the part of the principal in the note, to refund the money so paid to the surety making the payment. And if the trustee.be charged in this case, and shall pay the amount of the judgment, he will be wholly discharged from his liability to Baker, the principal defendant, without incurring the risk of any liability to Ladd, the other co-signer of the note, by reason of any act of his, or any payment which he may make upon the note to any one. The reason, then, upon which the general rule of law before stated would seem to rest, fails in this case altogether.

Upon the whole, we are all clearly of opinion that the trustee is chargeable, and that this result should be certified to the court of common pleas.

*Trustee chargeable.*