SAMUEL CLARK *vs.* WILLIAM S. BREWER & Trustees.

Under the Rev. Sts. *c.* 109, §§ 22, 24, one who has made a contract to deliver goods at a place out of the Commonwealth, cannot be charged in foreign attachment as the trustee of him to whom he has contracted to deliver them.

APPEAL from a judgment of the court of common pleas charging the trustees on their answer, which disclosed that the defendant had sold them a building in Lee, on condition, as expressed in the bill of sale, that they should " pay for this building in writing paper at market price, delivered in New York in a reasonable time after they shall receive the order for the same," and had authorized them to remove the building when they pleased ; and that they had received no such order from the defendant for the delivery of said paper at New York.

*J. Branning*, for the plaintiff. The difference between the market price at Lee and at New York may be computed ; and the case is not to be distinguished from that of a trustee who has contracted to pay money to the defendant in another state, in which case he is chargeable. *Sturtevant* v. *Robinson*, 18 Pick. 175. *Blake* v. *Williams*, 6 Pick. 315.

*M. Wilcox*, for the trustees. The decisions of this court, as well as the statutes, recognize a distinction between money to be paid and goods to be delivered in another state. For goods to be delivered in another state a trustee is not chargeable. Rev. Sts. *c.* 109, §§ 22, 24, 34, and commissioners' note. *Jewett* v. *Bacon*, 6 Mass. 60. *Sturtevant* v. *Robinson*, 18 Pick. 175. *Blake* v. *Williams*, 6 Pick. 315.

METCALF, J. The court are of opinion that a person who has made a contract to deliver goods at a place out of the State cannot be charged as the trustee of him to whom he has contracted to deliver them. Sections 22 and 24 of our trustee law (Rev. Sts. *c.* 109,) seem to us to be decisive of this point. It is provided by § 22, that " when any person is chargeable as a trustee, by reason of any goods or chattels, other than money, which he holds, or is bound to deliver to the principal defendant, he

shall deliver the same, or so much thereof as may be necessary, to the officer who holds the execution, and the goods shall be sold by the officer, and the proceeds thereof applied and accounted for, in the same manner as if they had been taken on an execution in 'the common form." By § 24, " when any person, who is summoned as trustee, is bound by contract to deliver any specific goods to the principal defendant, at any certain time and place, he shall not be compelled, by reason of the foreign attachment, to deliver them at any other time or place." These provisions are applicable only to cases of contracts for the de livery of goods at a place within the state, and can be enforceu in such cases only. They require that the person, who is charged as trustee, shall deliver the goods to an officer of the State; but they require him to do it only at the place specified in the contract for delivery. If that place be without the State, the officer has no authority, as officer, to go there or to receive the goods there. See *Jewett* v. *Bacon,* 6 Mass. 61.

*Trustees discharged.*