HUMPHREY HOYT & another *vs.* JOHN P. ROBINSON.

On *scire facias* against a trustee in foreign attachment, the defendant cannot avail himself for the first time of the objection that the money in his hands is due from him jointly with another person, upon whom no service was made, although he was named in the original writ; even if the money has since been attached by another person.

SCIRE FACIAS against the defendant as trustee of Jonathan Smith. The defendant, who had not answered the original writ, now answered that at the time of the service of that writ on him he had not individually any goods, effects or credits of Smith in his hands or possession; that there was a certain sum due to Smith from the firm of Kimball & Robinson, composed of Aaron Kimball and this defendant, but no service was made on Kimball, although residing in the Commonwealth and named as a trustee in the original writ; and that since the service of that writ, Charles H. Carroll had commenced an action against Smith and summoned Kimball & Robinson as trustees, which had been duly entered in court, and in which the partnership had duly appeared and answered.

The superior court of Suffolk gave judgment for the defendant, on payment of costs, and the plaintiffs appealed.

*H. C. Hutchins,* for the plaintiffs, cited *Parker* v. *Danforth,* 16 Mass. 303; *Sigourney* v. *Stockwell,* 4 Met. 518; *Wilcox* v. *Mills,* 4 Mass. 218; Cush. Tr. Pro. §§ 93, 355; *Springfield Card Manuf. Co.* v. *West,* 1 Cush. 388; *Hall* v. *Young,* 3 Pick. 80; Rev. Sts. *c.* 109, § 41.

*A. H. Fiske,* for the defendant. The defendant must be discharged :

1st. Because, in order to make an effectual attachment of the property of a debtor in the hands of a partnership, all the partners residing in this commonwealth must be summoned as trustees. *Jewett* v. *Bacon,* 6 Mass. 62. *Kidder* v. *Packard,* 13 Mass. 80. *Parker* v. *Danforth,* 16 Mass. 302. *Nash* v. *Brophy,* 13 Met. 476. *Warren* v. *Perkins,* 8 Cush. 518. *Rix* v. *Elliot,* 1 N. H. 184. In *Hathaway* v. *Russell,* 16 Mass. 473, the persons summoned as trustees, or who owed the debt intended to be attached, were not partners, and did not owe the debt as partners ; but were tenants in common of a shop. If they are to be deemed partners, that case has been overruled by the subsequent decisions, or the law has been changed. Rev. Sts. *c.* 109, § 41.

2d. Because the rights of another party have intervened, the validity of whose attachment cannot depend upon the trustee in the former suit appearing at the return term of the writ or pleading in abatement. The plea or answer in abatement is taken away by the practice act. *St.* 1852, *c.* 312, § 56.

BIGELOW, J. The objection that the trustee could not be held liable for the money in his hands belonging to the principal defendant in the original action, because it was not due from him alone, but from himself and his copartner jointly, would have been valid, if seasonably taken. *Jewett* v. *Bacon,* 6 Mass. 60. *Nash* v. *Brophy,* 13 Met. 476. *Warren* v. *Perkins,* 8 Cush. 518.

But the omission to summon a joint contractor as trustee is properly matter in abatement, and if the person summoned as trustee desires to avoid the process on this ground, he must avail himself of the objection in answer to the original process. He cannot do it on the *scire facias.* This was distinctly adjudicated in *Hathaway* v. *Russell,* 16 Mass. 474. The provision in the Rev. Sts. *c.* 109, § 41, that a trustee shall be permitted on *scire facias* to plead and prove any matter that may be necessary or proper for his defence in the suit on the *scire facias,* was not intended to open the door for the trustee to plead matters in abatement to the original suit    Such

matters are neither necessary nor proper to the defence of the suit on the *scire facias.* Being technical and dilatory in their nature, they must, on the well settled principles of the law be insisted on in an early stage of the case. *Pratt* v. *Sanger,* 4 Gray, 88. All matters which properly go to the merits of the suit against the trustees can be availed of in defence to the *scire facias* under the provisions of the statute above cited. But the original suit and the *scire facias* under the trustee process constitute only one continued and connected course of proceedings; and it would be a violation of principle to permit a technical defence, like the nonjoinder of a co-contractor with the person summoned as trustee, to prevail, when it was not pleaded until the last stage in the proceedings had been nearly reached.

It does not appear that the trustee has changed his situation, or in any way suffered by the omission to summon his copartner to answer in the suit. The commencement of another suit subsequently to the original action in this case, in which the members of the copartnership are duly summoned as trustees, cannot affect the liability of the trustee in this action. Being legally chargeable as trustee in this suit, he cannot be held liable in another action for the money which he has been compelled to pay cn execution issued in this one. *Trustee charged.*